UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-298 (GK) |
| | : | |
| SAMUEL VINTON | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## NOTICE OF FILING

The government requests that the attached discovery letter, dated October 12, 2006, without enclosures, be made part of the record in this case.

                Respectfully submitted,

                JEFFREY A. TAYLOR
                United States Attorney

By:    _____
       Perham Gorji
       Assistant United States Attorney
       U.S. Attorney's Office
       555 4th Street, N.W., Rm. 4233
       Washington, D.C. 20530
       (202) 353-8822

## Certificate of Service

I hereby certify that a copy of the attached discovery letter dated October 12, 2006, with enclosures, were served by hand in court upon counsel of record for the defendant, Mary Petras, Federal Public Defender, 625 Indiana Avenue, NW, Suite 550, Washington, DC 20004, this __16th___ day of October, 2006.

                _____
                Assistant United States Attorney



**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

October 12, 2006

**By Hand Delivery In Court**

**By U.S. Mail**
Mary Manning Petras, Esquire
Federal Public Defender
625 Indiana Ave., N.W.
Suite 550
Washington, DC 20004
202-208-7500 ext. 126
mary_petras@fd.org

                    Re:    United States v. Samuel Vinton
                             Case No. 06-298 (GK)

Dear Counsel:

      I am writing to provide you with certain information in response to your request for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as well as a plea offer.

**I.    Charges**

      Your client is currently charged with the following offenses: Unlawful Possession with Intent to Ecstacy, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)( c); and Using, Carrying and Possessing A Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).

      If your client agrees to plead guilty to Count One of the indictment (PWID ecstacy), accepts responsibility for 243 pills and possessing a firearm, and agrees not to allocute for a period of incarceration below the high end of his applicable Sentencing Guidelines range, the government will agree to:

      1.    dismiss the remaining charge (Section 924c) at the time of sentencing;
      2.    waive any applicable enhancement papers that might apply;
      3.    agree to recommend to the court a three level downward adjustment for acceptance

      of responsibility; and

4.    reserve its right to allocute at the time of sentencing, but will agree not to oppose sentencing at the high end of the applicable sentencing guideline range. The government nonetheless retains its full right to allocute and request any legal sentence following any probation or supervised release revocation proceeding.

This plea offer will expire after September 20, 2006. The government reserves the right to withdraw this plea offer at any time prior to acceptance. Please be advised that subsequent plea offers will be less favorable to your client.

**II.**    **Discovery**

   **A.**    **Documents**

Copies of the following documents are enclosed with this letter:

- Indictment (2 pages)
- PD-163 (2 pages)
- Criminal Incident Record, Form 10-343B (1 pages)
- Supplemental Criminal Incident Record, USPP Form 43-11 (1 page)
- Evidence / Property Control Receipt, USPP Form 43-11, Items 1-5 (1 page)
- Evidence / Property Control Receipt, USPP Form 43-11, Items 6-10 (1 page)
- Evidence / Property Control Receipt, USPP Form 43-11, Items 11-13 (1 page)
- Evidence / Property Control Receipt, USPP Form 43-11, Items 14-15 (1 page)
- Evidence / Property Control Receipt, USPP Form 43-11, Items 16-17 (1 page)
- Evidence / Property Control Receipt, USPP Form 43-11, Items 19-24 (1 page)
- Evidence / Property Control Receipt, USPP Form 43-11, Items M1 (1page)
- DEA form, Items 11-13 (1 page)
- DEA form, Items 14-15 (1 page)
- Photographs from scene and of evidence (11 pages)
- Mobile Lube Express receipt (1 page)
- Window Tint citation (1 page)
- Georgia traffic citation (1 page)
- copy of drivers' license (1 page)
- Miranda waiver (1 page)
- Notes by Officer Muller (1 page)
- Mobile Crime report (1 page)
- Notes (1 page)
- Certificate of No License (1 page)
- Certificate of No Registration (1 page)
- Test fire certificate (1 page)
- Complaint (1 page)
- Statement of Facts in support of complaint (1 page)

- Pretrial Service Agency Report (4 pages)

**B.     Evidence**

   **1.     Physical Evidence**

At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below. This evidence includes:

- Gun and ammunition
- drugs and packaging as indicated in the attached paperwork and completed laboratory analysis
- items recovered from brief case
- ID card
- Georgia traffic citation
- Photographs of the scene, evidence and your client
- Diagrams or maps of the location where the incident occurred

   **2.     Radio Run Information**

_____  The government believes there are no recorded communications by law enforcement relevant to this case.

\_\_\_X\_\_\_  The government believes that there may be recorded communications relevant to this case. The recording will be provided consistent with the government's obligations under the <u>Jencks</u> Act. Should we determine that we may use the recorded communications as evidence at trial, we will provide you a copy of the tape after we receive it.

   **3.     Identification Evidence**

The government is not aware of any identification procedure used in this case.

   **4.     Inspection**

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government. *See* Fed R. Crim. P. 16(a)(1)(E). If you would like to view any of the evidence listed above or described on the attached police reports, please contact the undersigned prosecutor, who will make arrangements for you, or your certified investigator, to inspect the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

   **5.     Reports of Examinations or Tests and Experts**

Upon receipt, the government will provide the DEA analysis of the narcotics seized in this case.

The government intends to call a narcotics expert at trial. The expert may testify -- by providing information or by rendering an opinion -- concerning the following:

(a) the procedures used by the Metropolitan Police Department for handling narcotics evidence and for safeguarding the chain of custody and integrity of the evidence in narcotics cases.

(b) the quantitative and qualitative analysis of the narcotics evidence by the DEA and the strength of the substance.

(c) the methods of using and purchasing narcotics in the District of Columbia, including but not limited to: the reasons for such methods; the cost (price) of narcotics, both wholesale and retail; the common dosage of, usable and measurable amounts, and strength of narcotics; packaging materials, cutting agents, scales, and paraphernalia for using drugs; the use of stashes, and methods used to avoid detection of narcotics.

(d) the methods for processing, packaging, selling, transferring and trafficking narcotics in the District of Columbia, including but not limited to the roles of different participants in drug trafficking schemes.

(e) that beepers, pagers, cellular phones, automobiles, stashes, stash houses, safe houses, crack houses, weapons, open air drug markets, couriers, ledgers, safes, and false identities are commonly used in the sale, transfer, processing and trafficking of narcotics in the District of Columbia and elsewhere.

(f) that possession of narcotics for use can be distinguished from possession of narcotics with intent to distribute, and that, for a variety of reasons, possession of numerous individually packaged narcotics, or possession of fewer packages but accompanied by other indicia of sale, is generally more consistent with an intent to distribute than with mere possession for personal use.

The expert will base his/her opinions on the foregoing on his/her years of training and experience in the area of drug investigations.

The qualifications of the expert witnesses, Detectives Washington and Thomas, and Sgt. Brennan include, but are not limited to, the following:

- Detective Washington has been a police officer for more than 17 years. In September 1988 Detective Washington was assigned to the Fourth District vice unit as a

       narcotics investigator. In March 1990 Washington was assigned to the Narcotic Special Investigation Division as a narcotics detective. In November 1992 Washington was detailed to the United States Department of Justice, Drug Enforcement Administration as a Task Force Officer, where he remained until January 7, 2000. Detective Washington has served as a Superior Court Resident Narcotics Expert since January 7, 2000, and has testified many times.

- Detective Thomas has been a police officer for about 30 years. From 1971 through 1977 Detective Thomas worked undercover purchasing street level and wholesale amounts of illicit narcotics. From 1977 through 1982 Thomas was detailed to the DEA. From 1982 to 1987 Detective Thomas was assigned to the NSID. From 1987 to 1992 Thomas was assigned to the DEA Task Force, handling major narcotics investigations. From 1992 to 1997 Detective Thomas was assigned to the Major Narcotics Branch, overseeing major narcotics investigations. From 1997 to 1998 Thomas was detailed to the Homicide Project. From 1998 until his present assignment, Detective Thomas was detailed to the DEA Intelligence Group. Detective Thomas has testified in over 600 narcotics related cases as an expert witness in a variety of state and federal courts. Detective Thomas has served as a Superior Court Resident Narcotics Expert since the fall of 2000, and has testified several times.

- Sgt. Brennan has been qualified to testify as an expert in Superior Court of the District of Columbia, and in U.S. District Court on numerous occasions. I am unable to provide you with a resume for Sgt. Brennan. However, you may contact him at (202) 439-1573. Sgt. Brennan will be more than willing to discuss his credentials with you.

    Apart from their broad and varied work experiences, Detective Washington, Detective Thomas, and Sgt. Brennan have been trained at the Police Academy and have received ongoing education and training by various local and federal law enforcement agencies (including MPD, FBI, DEA, DOJ, and ATF) in areas including, but not limited to: narcotics surveillance; manufacture of narcotics; the use, sale, packaging, and distribution of narcotics in the District of Columbia; drug identification; weights and measures of narcotics; surveillance techniques; constitutional law issues involved in the search and seizure of criminal suspects and their belongings; conduct and operation of the Mid-Atlantic DEA Laboratory; chain of custody procedures; the safeguarding of narcotics evidence; investigative techniques; the relationship between firearms and drug trafficking; and the execution of observations posts and undercover operations. In addition, Detective Washington, Detective Thomas, and Sgt. Brennan have trained and instructed others, including police recruits and experienced officers, as well as members of the defense bar in the District of Columbia, in many of the areas listed above.

    Detective Washington, Detective Thomas, and Sgt. Brennan are familiar with the packaging, use, distribution, cost, and availability of narcotic substances. They have also kept abreast of

developments in the narcotics trade by way of ongoing formal and informal education. With respect to the latter, Detectives Washington and Thomas, and Sgt. Brennan have participated in actual surveillance and arrests, which have involved contact with the participants of narcotics trafficking, including informants, cooperating witnesses, and "special employees."

In addition, please be advised that the government may call a fingerprint expert to testify at trial. The expert may testify about the following subjects: the taking of fingerprints; how fingerprints are left; how fingerprints are lifted; the factors that affect the taking of fingerprints; the difficulties in recovering prints from surfaces such as plastic or guns; the comparison of prints; and the identification of prints if there are sufficient "points" to render a print usable. Due to the volume of cases being presented in both the District and Superior Courts, it is unclear which witness will be available to testify if needed. The government may call George L. Anderson, III, as an expert. His qualifications include: 33 years as a fingerprint examiner (25 years at the FBI and 8 years at the MPD); a degree in criminology from American University; one year of FBI fingerprint school; FBI fingerprint seminars; and hundreds of thousands of fingerprint analyses. The government might also call Willie Higganbotham, Mary Jones, Charles Sanders, or another fingerprint specialist as its expert. The government believes these individuals have qualifications similar to those of Mr. Anderson. The government may also call an experienced Mobile Crime or Crime Scene Search evidence technician as an expert. This expert will testify about the methods used to recover or attempt to recover latent fingerprints from pieces of evidence, why recovering latent fingerprints from particular surfaces or items of evidence may be difficult, and the MPD (or other law enforcement) policies, practices, and procedures for recovering and processing latent fingerprints. Such an expert will base his or her testimony on their training and experience in evidence collection.

### C.   RULE 404(b) EVIDENCE (known at this time)

The government may seek to admit evidence pursuant to FRE 404(b). In the event that the government seeks to introduce such evidence at trial an appropriate notice will be filed.

### D.   Defendant's Rule 16 Statements

Please see the attached police paperwork concerning your client's statements to law enforcement. If the government becomes aware of additional statements made by the defendant you will be notified in writing.

### E.   Criminal Record

Please refer to the Pretrial Services Report that you received at arraignment for further information about your client's record. I will notify you in writing if the government learns of any additional convictions.

### F.   Government's Discovery Requests

The government hereby makes a reverse discovery request pursuant to Fed. R. Crim. P. 16(b), including, but not limited to the following:

- notice of documents and tangible objects the defendant expects to introduce;

- a Jencks request for all prior statements of any defense witness (excluding the defendant);

- a Lewis request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

- a request for information pertaining to any expert or scientific testimony or evidence;

Pursuant to Fed. R. Crim. P. 16, we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

### G.    Alibi Demand

The government makes an alibi demand pursuant to Fed R. Crim. P. 12.1.  In accord with Rule 12.1, the government hereby notifies you that the time, date and place of the offense are indicated on the accompanying police paperwork.  Pursuant to Rule 12.1, in the event you intend to offer an alibi defense, please direct the appropriate notice to the assigned AUSA within ten days.

### H.    Other Information (Brady / Lewis / Giglio)

The government is unaware of any Brady or Giglio information, but is aware of its continuing duty to disclose such information should it become known.  Lewis information for the government's witnesses will be provided to you at the time of trial.

**III. Contact Information**

If you have any questions about the information provided above, you may contact me by telephone, fax, mail, or e-mail.

Perham Gorji
Office of the United States Attorney
Federal Major Crimes Section
Room 4233
555 Fourth Street, N.W.
Washington, D.C.  20530

Office:      202-353-8822
Fax:         202-616-3782
E-mail:      perham.gorji@usdoj.gov

If you file any pleading in this case, please note that our zip code has changed recently to 20530.  Also, please fax any pleadings or correspondence so that we may be assured receipt of the document.

                                Sincerely,

                                JEFFREY A. TAYLOR
                                United States Attorney


By:
                                PERHAM GORJI
                                Assistant United States Attorney

cc: District Court Case File (without attachments)