IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | :   06- 298 (GK) |
| v. | : |
| | : |
| SAMUEL VINTON | : |

### DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE

Samuel Vinton, the defendant, through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b), and the Fourth Amendment to the United States Constitution, to suppress the use as evidence of the ecstasy, handgun, ammunition, currency, traffic citation, and other evidentiary items allegedly recovered from Mr. Vinton or from the car he drove on September 9, 2006.

A hearing is requested on this motion. In support of this motion, counsel states:

1. Mr. Vinton is before the Court charged with possession with intent to distribute ecstasy, and possession of a firearm during drug trafficking. The offenses are alleged to have occurred on September 9, 2006.

2. Police reports provided to counsel pursuant to Federal Criminal Procedure Rule 16, reveal the following: At about 9:08 p.m. on September 9, 2006, Metropolitan Police Department officers allegedly stopped the vehicle driven by Samuel Vinton to investigate whether or not his window tint was illegal. Police approached and claim to have observed a "thin blue line" sticker on the trunk of the car. In addition, officers claim to have observed a wooden handled object in a sheath on the back seat. Officers reached into the car; obtained the wooden handled object; removed it from its sheath, and determined that it was a knife. Backup officers then arrived on the scene and professed a belief that Mr. Vinton might be a "person of interest" in an undisclosed homicide

investigation. Mr. Vinton was then removed from the car and placed in handcuffs while police searched the vehicle.

3. From the vehicle, police allegedly recovered a briefcase containing several baggies each containing ecstasy tablets, and a loaded .45 semiautomatic handgun. Also from the vehicle, two cans of pepper spray, a butterfly knife, a traffic citation in Mr. Vinton's name, a receipt for vehicle service, and ear plugs were recovered.[1]

4. The police officers acted without the authority of a warrant.

5. Police officers had neither probable cause nor reasonable articulable suspicion to believe that Mr. Vinton was or had been engaged in criminal activity.

WHEREFORE, for the foregoing reasons, and for such other reasons as may appear at a hearing on this Motion, Mr. Vinton respectfully requests that this Court suppress the use as evidence of the handgun and ammunition allegedly seized from Mr. Vinton on September 9, 2006.

Respectfully submitted,

_____
Nikki Lotze
Counsel for Mr. Vinton
Roberts & Wood
6801 Kenilworth Ave., Suite 202
Riverdale, MD  20737
(301) 699-0764

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion to Suppress Tangible Evidence and attached Memorandum of Points and Authorities in Support of Defendant's Motion to Suppress Tangible Evidence has been delivered by mail and by facsimile to AUSA  Perham

---

[1] According to information provided to counsel pursuant to Federal Court Rule Criminal Procedure 16, the listed items are the only items allegedly seized from either Mr. Vinton or from the car, which the government intends to introduce against Mr. Vinton at trial.

Gorji, Office of the U.S. Attorney, this _____ day of _____, 2006.

_____
Nikki Lotze

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES | : |
| | :    06- 298 (GK) |
| v. | : |
| | : |
| SAMUEL VINTON | : |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE

    The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted).  Here, Officers acted without the authority of a warrant.  The circumstances of the seizure and search of Mr. Vinton, do not meet any of the exceptions to the warrant requirement.  Therefore, the search and seizure were illegal.

    Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *Katz v. United States*, 389 U.S. 347, 357 (1967).  Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. Vinton must be suppressed.

    Mr. Vinton's seizure falls within none of the exceptions to the warrant requirement.  Police seized Mr. Vinton after allegedly observing him operating a vehicle which may or may not have had window tint which violated the law.  Upon stopping and approaching the car, police claim to have observed a "thin blue line" sticker on the trunk of the car.  In addition, officers claim to have observed a wooden handled object in a sheath on the back seat.  Officers reached into the car;

obtained the wooden handled object; removed it from its sheath, and determined that it was a knife. Backup officers then arrived on the scene and professed a belief that Mr. Vinton might be a "person of interest" in an undisclosed homicide investigation. Mr. Vinton was then removed from the car and placed in handcuffs while police searched the vehicle. Thereafter, the car driven by Mr. Vinton, and the closed containers therein, were searched.

From the vehicle, police allegedly recovered a briefcase containing several baggies each containing ecstasy tablets, and a loaded .45 semiautomatic handgun. Also from the vehicle, two cans of pepper spray, a butterfly knife, a traffic citation in Mr. Vinton's name, a receipt for vehicle service, and ear plugs were recovered.

Mr. Vinton denies that any tint on the windows of the vehicle violated D.C. law. Mr. Vinton denies that officers were lawfully in a position to observe any weapon within the vehicle, and denies that there was any lawful basis for police to search either his person or the vehicle he drove. Under the circumstances, the seizure of Mr. Vinton and the search of his person cannot be justified by any exception to the warrant requirement.

## CONCLUSION

Because the evidence recovered from Mr. Vinton was seized in violation of the Fourth Amendment, that evidence must be suppressed.

Respectfully submitted,

_____
Nikki Lotze
Roberts & Wood
6801 Kenilworth Ave.
Suite 202
Riverdale, MD 20737
(301) 699-0764

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | :     06- 298 (GK) |
| v. | : |
| | : |
| SAMUEL VINTON | : |

### PROPOSED ORDER

Upon consideration of the Defendant's motion to suppress evidence, it is this _____ day of _____, 2006, hereby ORDERED that the motion is GRANTED.

_____
Judge Kessler

Nikki Lotze
Roberts & Wood
6801 Kenilworth Avenue, Suite 202
Riverdale, MD 20737

AUSA Perham Gorji
Office of the United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530