IN THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES          : | |
|                        : | 06-298 (GK) |
| v.                     : | |
|                        : | |
| SAMUEL VINTON          : | |

DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

Samuel Vinton, the Defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence of alleged statements made by Mr. Vinton. In support of this motion, counsel states the following:

1. Mr. Vinton is before the Court charged with possession with intent to distribute ecstasy, and possession of a firearm during drug trafficking.

2. The charges arise out of an incident which allegedly occurred on September 9, 2006.

3. According to information provided to counsel pursuant to Federal Rule Criminal Procedure 16, after he had been detained on that day, and before he had been advised of his *Miranda* rights, Mr. Vinton allegedly said: (1) in response to the question whether there were any other weapons in the car: "no, I keep all that stuff back in my house;" (2) in response to another question about weapons in the car: "not that I know of;" (3) in response to a question about a knife recovered: "that's my grandfather's knife, [we] use it to filet fish when we go fishing."; (4) in response to a question about the ear plugs recovered: "they're used as sleeping aides;" (5) in response to questions about his employment, " I work in the private personal security field."

4. According to police, Mr. Vinton had not yet been given, nor had he waived, his *Miranda* rights.  When Mr. Vinton eventually was advised of his *Miranda* rights, he specifically declined to make any statements without his attorney, and also declined to answer any questions at all.

5. Any statements made, were made in response to custodial questioning.

6. Mr. Vinton's alleged statements were obtained in violation of his fourth, fifth, and sixth amendment rights.

7. Mr. Vinton' alleged statement was involuntary.

6. Mr. Vinton' alleged statement was obtained in violation of his *Miranda* rights.

WHEREFORE, for the foregoing reasons and for such other reasons as may be advanced at a hearing on this motion, Mr. Vinton respectfully requests that the Court suppress the use as evidence of all statements allegedly made by Mr. Vinton.

Respectfully submitted,

_____
Nikki Lotze
Counsel for Mr. Vinton
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland  20737
(301) 699-0764

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion to Suppress Statements and attached Memorandum of Points and Authorities in Support of Defendant's Motion to Suppress Statements was delivered by mail to Perham Gorji, Office of the U.S. Attorney, this \_\_\_\_ day of _____, 2006.

_____
Nikki Lotze

# IN THE
## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | :    06-298 (GK) |
| v. | : |
| | : |
| SAMUEL VINTON | : |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

I.     THE STATEMENTS ALLEGEDLY MADE BY MR. VINTON MUST BE SUPPRESSED BECAUSE THEY WERE OBTAINED IN VIOLATION OF MR. VINTON'S FIFTH AMENDMENT RIGHTS

    A.     AT THE TIME THE STATEMENTS WERE ALLEGEDLY MADE, MR. VINTON WAS IN CUSTODY AND HAD NOT VALIDLY WAIVED HIS FIFTH AMENDMENT RIGHTS

The Supreme Court has held that, "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the [Fifth Amendment] privilege against self-incrimination is jeopardized." *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). In order to protect the privilege, the Supreme Court set forth procedural safeguards. The safeguards require that prior to custodial interrogation an individual must be warned "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Id.* at 479.

Statements made in response to custodial interrogation may only be used against a defendant if the defendant has been given the *Miranda* warnings and subsequently makes a knowing and intelligent waiver of those rights *Id.*. The government bears the burden of

demonstrating that the *Miranda* warnings were given and that the defendant has made a knowing and intelligent waiver. *Id.*.

The questioning of Mr. Vinton in this case violated *Miranda*. At the time that the police allegedly obtained the statement from him, Mr. Vinton was in custody and any statements made were in response to questioning by the police. *See Miranda*, *supra,* 384 U.S. at 444 ("[c]ustodial interrogation is defined as 'questioning initiated by law enforcement officers after a person had been taken into custody or otherwise deprived of his freedom in any significant way.'"); *see Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (finding functional equivalent of interrogation where police conduct likely to elicit an incriminating response).

Mr. Vinton had not voluntarily waived his rights prior to answering questions posed by police. When Mr. Vinton eventually was advised of his *Miranda* rights, he specifically declined to answer any questions, and to answer any questions without his lawyer.

B.    THE STATEMENTS WERE INVOLUNTARY

A defendant's statements cannot be used at trial unless the statements were the product of a rational intellect and a free will. *Mincey v. Arizona*, 437 U.S. 385, 398 (1978). Mr. Vinton has a "constitutional right to . . . a fair hearing and a reliable determination of the issue of voluntariness. . . ." *Jackson v. Denno*, 378 U.S. 368, 377 (1964). At that hearing, the government bears the burden of proving, by a preponderance of the evidence, that Mr. Vinton's statements were made voluntarily. *Lego v. Twomey*, 404 U.S. 477, 489 (1972).

The voluntariness of a statement "is to be judged on the totality of the circumstances" under which it is made. *Wilkerson v. United States*, 432 A.2d 730, 734 (D.C. 1981), *cert. denied,* 454 U.S. 1090 (1981). A statement can only be deemed voluntary if "the totality of the circumstances show it to be the 'product of an essentially free and unconstrained choice by its maker.'" *Jackson v. United States*, 404 A.2d 911, 923 (D.C. 1979) (*quoting Culombe v. Connecticut*, 367 U.S. 568, 602 (1961)).

The totality of circumstances surrounding Mr. Vinton's statements rendered his alleged statements involuntary. The statements are therefore inadmissible for all purposes, including impeachment. *Mincey*, *supra,* at 398.

II.   THE STATEMENTS ALLEGEDLY MADE BY MR. VINTON MUST BE SUPPRESSED BECAUSE THEY WERE OBTAINED IN VIOLATION OF MR. VINTON'S FOURTH AMENDMENT RIGHTS.

Reasonable suspicion is an essential prerequisite to a seizure. *Dunaway v. New York*, 442 U.S. 200, 213 (1979). The burden of establishing reasonable suspicion is on the United States. The government cannot meet their burden here.

The police officers did not have reasonable suspicion to seize Mr. Vinton. Police arrested Mr. Vinton after allegedly stopping the vehicle driven by Samuel Vinton to investigate whether or not his window tint was illegal. Police approached and claim to have observed a "thin blue line" sticker on the trunk of the car. In addition, officers claim to have observed a wooden handled object in a sheath on the back seat. Officers reached into the car; obtained the wooden handled object; removed it from its sheath, and determined that it was a knife. Backup officers then arrived on the scene and professed a belief that Mr. Vinton might be a "person of interest" in an undisclosed homicide

investigation. Mr. Vinton was then removed from the car and placed in handcuffs while police searched the vehicle.

The seizure of Mr. Vinton on this basis was unlawful. Evidence of any statements allegedly made by Mr. Vinton therefore must be suppressed as the fruit of the unlawful warrantless arrest of Mr. Vinton. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

## **CONCLUSION**

For the foregoing reasons and any others which may appear at a hearing on this motion, the statements allegedly obtained from Mr. Vinton must be suppressed because they were obtained in violation of Mr. Vinton's Fourth and Fifth Amendment rights.

    Respectfully submitted,

_____
Nikki Lotze
Roberts & Wood
Counsel for Mr. Vinton
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland  20737
(301) 699-0764