November 27, 2006

AUSA Perham Gorji
Office of the United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530

    Re:    <u>United States v. Samuel Vinton</u>
            06-298 (GK)

Dear Mr. Gorji:

    I am writing to confirm my understanding of the discovery available in this case, pursuant to my review of materials provided by your office to previous defense counsel. I also write to make additional requests.

    1.    <u>Statements of Mr. Smith:</u>

    In the "Statements" portion of your discovery letter, you refer me to statements reported in the attached police reports. I recently filed a motion to suppress the statements reported therein.

    It is my understanding that there are no other oral statements, nor are there any written or recorded statements made by Mr. Vinton, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government.

    2.    <u>Mr. Vinton's prior record and pending cases</u>

    Your letter directs me to the report generated by the Pretrial Services Agency, which reports convictions as follows: 1999 MD concealed deadly weapon.

    3.    <u>Police reports and other documents</u>

    The discovery materials include: a P.D. 163; a criminal incident record & its supplement (total 2 pages); 7 evidence/property control receipts reflecting recovery of (1) three knives, pepper spray, tear gas; (2) two pill bottles and three clear plastic with knotted tops; (3) total 102 blue pills and 41 yellow pills; (4) 50 blue pills and 50 yellow pills; (5) a .45 caliber gun with magazine and ammunition; (6) three magazines, a plastic bag of ammunition, and a briefcase, and (7) total $177.70; two incomplete DEA 7 reports; ten pages of mostly indecipherable black

& white photographs; a receipt from Mobil 1 Lube Express; an N.O.I. from D.C.; a Georgia traffic citation; a copy of Mr. Vinton's driver's license and registration; U.S.P.P. form 80-A (advice of rights); a one page copy of P. Muller's handwritten notes; a one page mobile crime lab report; two pages of handwritten notes apparently authored by an "F. Hoak"; certificates of no license, no registration, and firearms examination; a *Gerstein* signed by Officer Alton; a 4 page D.C. PTSA report.

It is my understanding that there are no other police reports within the possession, custody, or control of the government, the existence of which are known, or by the exercise of due diligence may become known, to the government and are material to the preparation of the defense, or are intended for use by the government as evidence in chief at trial.

4.  Recorded Communications

I would ask that you provide any recorded communications within the possession, custody, or control of the government, the existence of which are known, or by the exercise of due diligence may become known, to the government and are material to the preparation of the defense, or are intended for use by the government as evidence in chief at trial. I am certainly willing to provide blank tapes if you are willing to copy your own tape of the radio run in this case for me.

5.  Photographs

As I am unable to make anything out from the majority of black & white copies of the pictures you provided, please forward color copies of the photographs to me as soon as possible, and no later than December 15, 2006.

It is my understanding that other than the 40 pictures which you have sent me black & white copies of, there are no photographs within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial.

6.  Tangible evidence

You have indicated that the government will seek to introduce the gun and ammunition; drugs and packaging as indicated; "items recovered from brief case"; ID card; GA traffic citation; photographs of the scene, evidence, and Mr. Vinton, and diagrams or maps of the location where the incident occurred.

It is my understanding that apart from those items there are no other tangible objects, or portions thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the prosecutor, and which are material to the preparation of the defense or are intended for use by

the government as evidence in chief at trial.

      7.    <u>Reports of examinations and tests</u>

It is my understanding that there are no reports of examinations or tests in the possession, control, or custody of the government which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial. Specifically, you have not advised me that the government intends to introduce evidence of any fingerprint analysis at trial.

At our status hearing, you indicated that the DEA 7 had been recently completed and would be forwarded to me shortly. Please provide a copy of the completed DEA 7 report(s) as soon as possible and no later than December 15, 2006.

      8.    <u>Identification</u>

You have indicated that the government does not intend to introduce at trial evidence of any out of court identification of my client.

      9.    <u>Evidence of Uncharged Misconduct</u>

You informed me that the government may seek admission of 404(b) evidence. I assume that any motion you have for admission of such evidence will be filed in accordance with the deadlines set by the court.

      10.    <u>Brady request</u>

I request all information discoverable pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). I also request pretrial disclosure of impeachable convictions of all government witnesses, both civilian and police, as well as pretrial disclosure of prior bad acts of government witnesses, civilian and police. I specifically request disclosure of the names of any and all police witnesses who have been investigated, or are currently under investigation for official misconduct.

      11.    <u>Conclusion</u>

I ask that you please comply with the foregoing requests no later than December 15, 2006. If you are unable to comply with my requests by that time, please contact me by then to make further arrangements. Finally, please contact me no later than December 15, 2006, if your understanding of available discovery conflicts in any way with what I have set forth in this letter. If you have neither complied with my requests nor contacted me by December 15, 2006, I will

assume that your understanding of available discovery is the same as mine, and that my requests for additional information are denied.

Sincerely,

_____
Nikki Lotze
Counsel for Mr. Vinton

cc:    Court jacket