**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 06-298 (GK)** |
| | : | |
| **v** | : | |
| | : | |
| **SAMUEL VINTON** | : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The Defendant has been charged in a two-count indictment with Unlawful Possession with Intent to Distribute Ecstasy, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c), and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).

On September 9, 2006, at approximately 9:08 p.m., United States Park Police Officer William Alton conducted a traffic stop of the Defendant in the 3200 block of Minnesota Avenue, Southeast, because of excessive tint on the Defendant's car windows. Before Officer Alton reached the Defendant's driver's side window, the Defendant had rolled down all of the car windows. When Officer Alton reached the driver's side door, he noticed a large knife with a wooden handle that was lying on the back seat in the Defendant's car. The entire knife was approximately 10 inches long, with a blade that was five inches long, and the blade of the knife was covered by a sheath. Officer Alton, who was concerned about his safety, placed the knife on the roof of the Defendant's car.

Officer Alton asked the Defendant whether there were any other weapons in the car, and the Defendant replied, "no, I keep all that stuff at home." Officer Alton removed the Defendant from the car and conducted a frisk of the car. Officer Alton found a butterfly knife underneath the mat on the passenger side floor board, with a blade that was approximately three-and-one-half inches long, as well as two cans of mace in the center console. Additionally, Officer Alton found a locked brief case, and a bag of ear foamies on the back seat of the Defendant's car. Officer Alton recognized the ear foamies as the type commonly used to protect one's ears at a firing range. Officer Alton asked the Defendant what was in the black briefcase, and the Defendant said that the brief case did not belong to him, and that he had no idea what was inside of it.

Thereafter, Officer Alton arrested the Defendant for possession of the 10 inch knife and the butterfly knife. Following the Defendant's arrest, Officer Alton forced open the locked brief case and found a .45 caliber semiautomatic handgun inside. The gun was cocked with one round in the chamber and seven rounds in the magazine. The brief case also contained 25 more rounds of .45 caliber ammunition, brass knuckles, a double-edged fighting knife, two pill bottles, and several plastic bags that contained a total of 243 blue and yellow tablets, which appeared to be ecstacy. A field test was performed and the tablets yielded a positive reaction for the presence of "MDMA," the active ingredient in Ecstacy.

**Other Crimes and Bad Acts by the Defendant**

The government seeks to introduce the facts and circumstances surrounding the Defendant's prior conviction and/or arrests.[1] On or aboutAugust 30, 1999, at approximately 3:45 a.m., in the 2700 block of Lorring Drive in Forestville, Maryland, Prince George's County police officers who

---

[1] The government has provided defense counsel with discovery relating to this charge.

were on routine patrol heard the sound of gunshots. Thereafter, the officers saw a four-door Mercury Grand Marquis racing out of an apartment complex located at 2700 Lorring Drive. The car had a temporary tag, and the head lights were out. The officers initiated a traffic stop, and once the officers approached the car, they saw a rifle laying across the floor board in the back seat of the car. The rifle contained three shell casings and one shell casing in the chamber. The police directed Defendant Vinton, the driver, and his passenger to exit the car. When the Defendant got out of the car, the police saw three empty shell casings in the passenger door well, which matched those recovered from the rifle. In addition to the rifle and shell casings, the police also recovered one pair of latex gloves from the car, and a six-inch knuckle knife from the Defendant's front pocket. The Defendant was arrested. Following his arrest, the Defendant was Mirandized, and agreed to provide a written statement to the police. The Defendant admitted that he and his passenger got the rifle from D.C., and then drove to Maryland looking for a person whom the passenger had seen earlier that evening. The Defendant also stated that when they did not see that person, the passenger fired the rifle in the air a number of times . The government seeks to introduce this evidence under Federal Rule of Evidence 404 (b), for the purpose of proving knowledge, intent, and absence of mistake.

**Legal Analysis and Argument**

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including knowledge, intent, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while "the first sentence of the rule is framed restrictively,

the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998)(internal quotations omitted). In short, " Rule 404(b) bars not evidence as such, but a theory of admissibility." Id. As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: (1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, (2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that

restrictions would not be placed on the admission of such evidence").[2]

As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted). In the instant case, among other things, the government must prove that the Defendant constructively possessed the firearm recovered from the brief case in his car. The "other crimes" evidence of the Defendant's previous possession of a rifle is highly probative of the Defendant's knowing and intentional possession of the firearm in this case. Specifically, the Defendant's previous possession of a rifle demonstrates that the Defendant's had knowledge of the location of the firearm recovered from his car and its accessibility to him, and that the Defendant's possession of the firearm was intentional, and not the result of mistake or accident. See United States v. Garner, 396 F.3d 438, 445 (D.C. Cir. 2005) (other crimes evidence admissible to show defendant's knowledge of firearm located under passenger seat of car in which he was a passenger).

Because of the highly probative nature of such Rule 404(b) evidence in the context of cases involving constructive possession of contraband, the Court of Appeals has generally not hesitated

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. at 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Id. at 690-91.

to admit such evidence for the purposes sought here.[3] See, e.g., United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine); Crowder, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (en banc); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)). The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case. Whatever prejudice the Defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

---

[3] As noted in the text, the government will be proceeding on a theory of constructive possession. Accordingly, the case of United States v. Linares, 367 F. 3d 941, (D.C. Cir. 2004) is inapposite. Indeed, in Linares, the Court of Appeals held that Rule 404 (b) barred the admission of the defendant's prior possession of a gun in a felon in possession trial where the government was proceeding on an actual possession theory. Id. at 952. As the Court made clear in United States v. Garner, 396 F.3d 438, 445 (D.C. Cir. 2005), no such bar exists under Rule 404 (b) when the government uses a constructive possession theory.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

/s/
PRECIOUS MURCHISON
Assistant United States Attorney
Maryland Bar
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-6080
Precious.Murchison@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the Defendant, Nikki U. Lotze, this 12th day of January 2007.

Precious Murchison
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 06-298 (GK)** |
| | : | |
| **v** | : | |
| | : | |
| **SAMUEL VINTON** | : | |

**ORDER**

WHEREUPON, having considered Government's Motion in Limine Seeking Admission of Evidence Pursuant to Federal Rule of Evidence 404(b), the Defendant's Opposition thereto, and the record herein, it is this _____ day of ______________, 2007, hereby

ORDERED, that the Government's Motion is hereby GRANTED

Date:_________________

_______________________________
GLADYS KESSLER
UNITED STATES DISTRICT JUDGE

cc:

Precious Murchison
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

Nikki U. Lotze, Esq.
Roberts & Wood
Berkshire Building
6801 Kenilworth Avenue
Riverdale, MD 20737