IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| V. | : | Cr. 06-298 (GK) |
| | : | |
| SAMUEL VINTON | : | |

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
TO ADMIT OTHER CRIMES EVIDENCE

Samuel Vinton, through undersigned counsel, submits the following opposition to the government's motion to admit evidence of the prior bad acts of Mr. Vinton.

The Court should not entertain the motion since it was filed more than seven weeks after the deadline for filing motions passed on November 24, 2006. Should the Court entertain the motion despite the late filing, the motion should be denied because the government seeks admission of evidence of un-convicted conduct, much of which is disputed and has never been proven to any fact finder. In addition, the motion should be denied because it seeks admission of evidence that is not relevant to prove knowledge, intent, nor absence of mistake. (*See* Gov's 404(b) Motion at 3, asserting that the evidence is relevant for these purposes).

FACTUAL BACKGROUND

Police reports completed in the instant case reveal the following: On September 9, 2006, at about 9:00 p.m., U.S.P.P. Officer Alton stopped Mr. Vinton's car for an alleged tint violation. Upon approaching the car, Officer Alton allegedly observed a knife with it's blade covered by a sheath. Officer Alton subsequently removed Mr. Vinton from the car and searched the car, finding a butterfly knife beneath the passenger side floor board; two cans of mace in the center console, and a bag of ear foamies on the back seat. In addition, the officer removed a locked briefcase, and asked Mr. Vinton what was inside it. When Mr. Vinton responded that he did not

know, Officer Alston arrested Mr. Vinton allegedly for possession of the knives in the car. Officer Alton then forced the briefcase open and allegedly discovered a loaded semiautomatic handgun and 243 ecstasy pills.

In order to help the government prove that in this case Mr. Vinton knowingly and intentionally possessed the firearm and narcotics as described above, the government asserts a need for evidence that in August 1999, Mr. Vinton and co-defendant Teraan Bailey, were stopped in a vehicle in an area where officers had heard gunshots. From the back seat of the car, police recovered a rifle which matched 3 expended shell casings found in the co-defendant, Mr. Bailey's "door well." From Mr. Vinton, police recovered a six inch "knuckle knife." From the car, a guitar case was recovered.

Following his arrest, Mr. Vinton allegedly gave a statement in which he described Mr. Bailey having been confronted by a man in Prince George's County, Maryland. Allegedly according to Mr. Vinton, following that confrontation, Mr. Bailey told Mr. Vinton to drive him to D.C., where Mr. Vinton and Mr. Bailey retrieved a guitar case from Mr. Bailey's back yard. The two then returned to Prince George's County in search of the man who had earlier confronted Mr. Bailey. When the man could not be found, Mr. Bailey shot a gun into the air and then Mr. Vinton drove the car off, only to be stopped by police.

In connection with this 1999 case, Mr. Vinton ultimately pled guilty to carrying a concealed deadly weapon.[1] It appears that Mr. Vinton may have had the benefit of receiving a sentence of probation before judgment. If he did, following successful completion of this

---

[1] It is not clear whether Mr. Vinton accepted responsibility for possession of the knuckle knife or the rifle.

probation, the adjudication should have been expunged.

It is not clear what portions of the foregoing the government proposes to admit at trial.

ARGUMENT

Evidence of the other crimes is not relevant. Within the government's 7 page motion for admission of the other crimes evidence, are found the following bald assertions with regard to the relevance of the other crimes evidence to prove the conduct charged in this case:

> The government seeks to introduce this evidence under Federal Rule of Evidence 404(b), for the purpose of proving knowledge, intent, and absence of mistake.

(Gov's Motion at 3)

> * * *
> The "other crimes' evidence of the Defendant's previous possession of a rifle is highly probative of the Defendant's knowing and intentional possession of the firearm in this case. Specifically, the Defendant's previous possession of a rifle demonstrates that the Defendant's had knowledge of the location of the firearm recovered from his car and its accessibility to him, and that the Defendant's possession of the firearm was intentional, and not the result of mistake or accident.

(Gov's Motion at 5).

It is not at all clear that Mr. Vinton knowingly and intentionally possessed any firearm in the 1999 incident. The government erroneously contends that Mr. Vinton "admitted that he and his passenger got the rifle from D.C." (Gov's Mot. at 3). In fact, Mr. Vinton allegedly admitted that his co-defendant, Bailey, instructed him to take Bailey to D.C., where a guitar case was retrieved from Bailey's backyard (*See* Defendant's Statement, attached herein).

Even assuming that Mr. Vinton later realized that the guitar case contained a gun, (*i.e.,* when co-defendant Bailey removed the gun from the guitar case and fired it out the window of the car being driven by Mr. Vinton), at best such evidence would demonstrate that in 1999, Mr. Vinton knew that his co-defendant kept a rifle in a guitar case in his backyard. Such evidence would seemingly have scant probative value to Mr. Vinton's "knowledge of the location of the

3

firearm recovered from his car and its accessibility to him," (*see* Gov's Mot. at 5), in this case.

Moreover, the other crimes evidence is not admissible to prove absence of mistake. Mr. Vinton will not contend that he possessed either the drugs or the weapon in this case accidentally or inadvertently. Counsel would agree to stipulate to that, and a proposed stipulation is attached for the Court's review. Such a stipulation would seemingly negate the government's stated concern. *See, e.g., United States v. Manner,* 887 F.3d 317, 322 n.2 (D.C. Cir. 1989)(offer of unequivocal stipulation may remove issue from case and provide alternative to introduction of other crimes evidence).

With regard to proof of identity, *i.e.,* that it was Mr. Vinton and not someone else, who possessed the drugs and the gun, evidence of Mr. Vinton's prior bad acts is sheer propensity evidence on this point. The issue for the jury to resolve at trial will be whether or not it was Mr. Vinton who possessed the handgun and ecstasy found in a locked briefcase in the car Mr. Vinton was driving. Intent, knowledge, and absence of mistake will not be issues relevant to the jury's resolution of that question.

Since intent, knowledge, and absence of mistake are the issues which the government proffers the 404(b) evidence is relevant to prove, there appears to be no need for the evidence. *See United States v. Linares,* 367 F.3d 941 (D.C. Cir 2004) (error to admit 404(b) evidence that defendant had been arrested 4 years earlier for dropping a gun, at trial where government's evidence removed knowledge, intent, and absence of mistake as issues relevant to the jury's determination of guilt or innocence).

The other crimes evidence proffered by the government prove nothing with respect to his knowing and intentional possession of the cocaine in the instant case. The only inference that

evidence of the prior instances would assist the jury in making is the inference prohibited by Rule 404(b) -- that because Mr. Vinton previously either possessed a knife, or was with someone who possessed a rifle, he possessed the gun and ecstasy with which he is charged in this case.

Nothing demonstrates the irrelevance of the other crimes evidence in this case better than comparison to the cases commonly cited by the government in support of its argument. *See, e.g., United States v. Cassell,* 292 F.3d 78 (D.C. Cir. 2002)*; United States v. Crowder,* 141 F.3d 1202 (D.C. Cir. 1998); *United States v. Miller*, 895 F.2d 1431 (D.C. Cir. 1990); *United States v. Watson,* 894 F.2d 1345 (D.C. Cir, 1990); *United States v. Brown,* 16 F.3d 423 (D.C. Cir.), cert. denied, 513 U.S. 900 (1994); *United States v. Clarke,* 24 F.3d 257 (D.C. Cir. 1994); *United States v. Moore,* 732 F.2d 983 (D.C. Cir. 1984); *United States v. Rogers,* 918 F.2d 207 (D.C. Cir. 1990); *United States v. Cassell,* 292 F.3d 788 (D.C. Cir. 2002).

First, the facts of the *Cassell* case are distinguishable from the instant matter. *Cassell, supra,* 292 F.3d 788.  Defendant Cassell was charged with, among other things, possession of a firearm by a convicted felon, and possession of a firearm during drug trafficking, after a search warrant executed at the home of his uncle, Lawrence Hart, turned up three guns including a loaded 9mm pistol, ammunition, drugs and drug paraphernalia. *Id.* at 790.  Prior to trial, the government proffered other crimes evidence consisting of Cassell's 1997 conviction for possession a loaded, 9mm firearm, as well as evidence that "a few weeks" prior to the charged offense, police recovered a loaded, 9mm firearm, from beneath the bumper of Cassell's car. *Id.*.

The trial Court initially ruled the other crimes evidence inadmissible, finding it more prejudicial than probative. *Id.* at 791.  Specifically, the Court ruled that evidence of the prior conviction was admissible to prove the predicate for the felon-in-possession charge.  However,

5

the fact that the conviction was gun-related was ruled inadmissible, since it was more prejudicial than probative. *Id.*. In addition, evidence of the recovery of the 9mm firearm a few weeks earlier, was excluded as more prejudicial than probative. *Id.*.

Through opening statement and cross examination at trial, Cassell mounted a defense that the firearms belonged to his uncle, Mr. Hart, who testified against him pursuant to a deal. *Id.*. The trial court reasoned that the defense had put knowledge at issue, *e.g.,* that the defendant asserted lack of knowledge about the guns. Based upon the "lack of knowledge" defense, the trial court ruled the other crimes evidence admissible. *Id.*.

The court of appeals agreed with the trial court that the defense put knowledge at issue, and therefore made the other crimes evidence relevant to prove the defendant's knowledge. *Id.* at 792.

The government's case for admitting the other crimes evidence in *Cassell* was bolstered by the relative proximity in time of other crimes to the charged offense. There, the two separate other crimes occurred one, "several weeks" prior to the charged offense; and the other, three years before the charged offense. *Cassell, supra,* 292 F.3d at 790. Moreover, the relevance of the other crimes to the charged offense was greater in light of the similarity of the other crimes to the charged offense. In each of the prior bad acts, Mr. Cassell had possessed the same kind of gun: a loaded 9mm, as one of the guns he was charged with possessing. *Id.*.

In contrast, the other crimes evidence offered by the government in this case occurred some 7 years before the instant offense and involved a different type of gun (a rifle -- which it has not been established, even was possessed by Mr. Vinton -- as opposed to a .45 handgun). These differences decrease the value of the proffered evidence to prove Mr. Vinton's possession

6

of a dissimilar weapon and drugs 7 years later.

In support of it's motion to admit other crimes evidence, the government cites *United States v. Crowder,* 141 F.3d 1202 (D.C. Cir, 1998) (*en banc*).  That case is inapposite.  In *Crowder*, the defendant was charged with distribution of, and possession with intent to distribute, cocaine.  141 F.3d at 1203.  Police observed Crowder exchange a small object for cash in the 1300 block of Newton Street, N.W. *Id.*  The officers gestured for Crowder to come closer, which he began to do, but he then turned and ran.  During the ensuing chase, Crowder discarded a bag containing 93 ziplocks of crack and 38 packets of heroin, to the ground.  *Id.* Some of the ziplock bags of crack were clear and some were dark.  *Id.* at 1209.  The clear bags contained bigger chunks of crack than did the dark bags.  *Id.*  Upon his arrest, Crowder was found to be in possession of $988 and a beeper.  *Id.* at 1204.

At trial, the government sought to introduce evidence that seven months after his arrest for the offense on trial, Crowder sold crack to an undercover officer on the same block of Newton Street, N.W. *Id.*  In the course of conducting the sale to the undercover officer, Crowder displayed two ziplock bags -- one was clear and cost $20; the other was dark and cost $10.  *Id.* at 1209.

Crowder mounted a defense that he had been framed after he refused to help police with a homicide investigation. *Id.*  There was also testimony that Crowder had the $988 to pay for home repairs, and that his baby's mother had loaned him the pager so she could better reach him. *Id.*

After hearing the defense case, the court ruled that evidence of the subsequent distribution was probative of Crowder's intent in the case on trial:

7

> because Mr. Crowder is trying to suggest in his defense ... that all of this was just a coincidence, it was a coincidence that he had the $900 in his possession, and that everything else took place, presumably, the running away and the officer chasing him, and the officer finding a large quantity of drugs in the alley, had nothing at all to do with Mr. Crowder.  So, to me, that raises an issue of intent, raises an issue of knowledge, perhaps raises an issue, as was raised in the *Watson* case, of his knowledge of even the drug trade.  It seems to me, based upon that evidence, that the 404(b) evidence is probative.

*Id*. at 1204

The court of appeals upheld this ruling, crediting the trial court's finding that evidence of Crowder's other offense was "probative of several matters 'of consequence' at trial." *Id*. at 1209.

In contrast, evidence of Samuel Vinton's other bad acts is probative of nothing other than his predisposition to possess with intent to distribute ecstasy and handguns.  Evidence that Mr Vinton has on one occasion previously was with someone who possessed a rifle, proves nothing regarding his knowing and intentional possession of the ecstasy and gun allegedly discovered in the car.

In *United States v. Watson*, the defendant was charged with possessing with intent to distribute 1283 grams of cocaine located in his Amtrak train compartment.  894 F.2d 1345 (D.C. 1990).  At trial, Watson testified that he did not know there were drugs in his train compartment, and "was not involved with drugs in any way." *Id*. at 1346.  On cross examination, the government was permitted to question Watson about a conversation he had had with a jailhouse informant.  *Id*.  Watson denied having told the informant that he had been caught with cocaine, and denied having shown the informant a quantity of cocaine upon their release from jail.  *Id*.

The court allowed the informant to testify as a rebuttal witness that after he and Watson had been released from jail, he went to the auto body shop owned by Watson's family, and negotiated to buy 4 kilograms of cocaine from Watson.  That incident occurred about 3 months

8

after the conduct for which Watson was on trial. *Id*. at 1349.

The court of appeals affirmed admission of the evidence, reasoning that evidence that Watson had sold 4 kilograms of cocaine three months after the incident for which he was on trial was relevant to rebut his testimony that he had no knowledge of the cocaine distribution business and did not intend to sell drugs at the time of this arrest. *Id*. Moreover, the government had the right to rebut the defendant's testimony that he was unfamiliar with drugs. *Id.*

The rationale pursuant to which the other crimes evidence was admitted in *Watson* has no bearing on Mr. Vinton's case. Mr. Vinton will not testify at trial that he is completely unfamiliar with the drug trade or with guns.

Similarly, *United States v. Manner*, is distinguishable. 887 F.2d 317 (D.C. 1989). In *Manner,* co-defendants Manner and Leeper were charged with conspiring to distribute cocaine. *Id..* On March 4, 1988, following the traffic stop of a vehicle occupied by manner and Mr. Jackson, 558 packets of crack cocaine were recovered from Jackson. *Id*. at 319-20. Leeper's fingerprints were on some of those 558 packets. *Id*. at 320. At trial, Jackson, who had become a government witness, testified to the drug trafficking activities of himself, Manner, and Leeper. *Id.*

To corroborate Jackson's testimony, the government admitted evidence that on may 25, 1988, (some 2 months after his arrest in the case on trial), an undercover officer purchased $20 worth of cocaine from Lepper. *Id.* at 320. The court found that evidence of this subsequent bad act made it more likely "that [Lepper] intended to distribute the cocaine bags on which his fingerprint appeared [in the case on trial]." *Id*. at 321.

Unlike *Manner*, apart from circumstantial evidence, there is scant evidence of Mr.

9

Vinton's possession of the contraband in the instant case. Because there is little independent evidence to corroborate, introduction of Mr. Vinton's other bad acts becomes the main evidence of Mr. Vinton's involvement in this offense. Rule 404(b) prohibits the use of other crimes evidence "to show action in conformity therewith." Where the other crimes evidence is the sole evidence proffered by the government to prove a defendant's intent, the other crimes evidence is clearly introduced for the purpose of suggesting that if the defendant has possessed contraband before, then he possessed the same contraband in this case.

In *United States v. Miller*, defendants Paul and Leroy Miller were charged with conspiracy to commit bank fraud and related offenses. 895 F.2d 1431 (D.C. 1990). The government presented evidence that Paul Miller's girlfriend (Myrna Mann) procured checks totaling $37,000 from the bank for which she worked. *Id.* at 1433. The government's theory was that Mann was coerced into furnishing the checks. *Id.* The defense theory was that Mann (who pled guilty and testified for the government), devised the fraud scheme on her own and implicated the Millers as part of a plea bargain. *Id*.

The government sought introduction of evidence that Mann knew Paul Miller's prior conviction for robbery, to lend credibility to her claim that she had been coerced into participating in the fraud scheme. *Id.* The court of appeals affirmed the trial court's admission of the evidence for that purpose. *Id*. at 1435. The court reasoned that:

> Evidence of Mann's awareness of Paul Miller's criminal record was admitted not 'to show action in conformity' with a criminal disposition, but rather to lend credence to Mann's claim that she feared for her safety if she did not comply with Paul Miller's demands for bogus checks. Mann's state of mind was relevant to her credibility, a material issue in the case by virtue of Paul Miller's own trial strategy.

*Id*.

10

Unlike *Miller*, there is no issue which Mr. Vinton's past conduct is relevant to prove. The sole purpose of the evidence in Mr. Vinton's case is to show action in conformity with his past conduct. That, of course, is the purpose forbidden by Rule 404(b).

Whatever menial relevance the government might persuade the court exists, is surely outweighed by the prejudice to Mr. Vinton of having the jury know that seven years ago, he was with someone who possessed a rifle. *See* Federal Rule of Evidence 403.

## CONCLUSION

For the foregoing reasons, and reasons advanced at any hearing on this motion, the Court should deny the government's motion to admit evidence of Mr. Vinton's prior bad acts.

                                                             Respectfully submitted,

                                                             _____/s/_____
                                                              Nikki Lotze
                                                              Roberts & Wood
                                                              6801 Kenilworth Avenue, Suite 202
                                                              Riverdale, Maryland  20737
                                                              (301) 699-0764
                                                              Counsel for Samuel Vinton

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant's Opposition has been sent by fax and by mail this _____ day of _____, 2007, to:

                                    AUSA Precious Murchison
                                Office of the United States Attorney
                                       USDC Trial Division
                                       555 4th Street, N.W.
                                     Washington, D.C.  20530

                                                           _____/s/_____
                                                           Nikki Lotze

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| V. | : | Cr. 06-298 (GK) |
| | : | |
| SAMUEL VINTON | : | |

**DEFENDANT'S PROPOSED STIPULATIONS**
**WITH REGARD TO THE GOVERNMENT'S PROPOSED RULE 404(b) EVIDENCE**

**I.   KNOWLEDGE / INTENT STIPULATION**

The parties agree, or stipulate, that Samuel Vinton did not accidentally, mistakenly, or inadvertently possess a firearm or ecstasy on September 9, 2006. As a result of this stipulation, you must accept as undisputed fact, that Mr. Vinton did not accidentally, inadvertently, or mistakenly possess a firearm or ecstasy on that date.

Therefore, if you find that the government has proven beyond a reasonable doubt that Samuel Vinton possessed a firearm or ecstasy on September 9, 2006, then you must also find that Mr. Vinton knowingly possessed the firearm and ecstasy. If you find that the government has proven beyond a reasonable doubt that Mr. Vinton possessed a firearm or ecstasy on September 9, 2006, then you may not find that Mr. Vinton mistakenly, accidentally, or inadvertently possessed the firearm or ecstasy.

In other words, you may not find Mr. Vinton not guilty of any [gun][narcotics] offense because you believe that he possessed any [gun] [narcotics] mistakenly, accidentally, or inadvertently.

<u>To follow Jury Instructions on:</u>
<u>Unlawful Possession of a Firearm and Ammunition by a Convicted Felon</u>

By agreement of the defense, the Government need not prove either knowing or intentional possession of any firearm or ammunition. Your job is thus limited to the possession

element of the crime. Therefore, in order to meet its burden of proof, the Government must prove beyond a reasonable doubt only one element of the crime, that Samuel Vinton was in possession of the firearm and ammunition on September 9, 2006.

## CONCLUSION

WHEREBY, the defendant contends that the above stipulations and proposed jury instructions render the government's proposed 404(b) evidence more prejudicial than probative. The defendant opposes the government's motion to introduce the other crimes evidence set forth in the government's notice of intent to seek admission Rule 404(b) evidence.

Respectfully Submitted,

_____/s/_____
Nikki Lotze
Roberts & Wood
6801 Kenilworth Avenue, Suite 202
Riverdale, MD 20737
(301) 699-0764