**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | Cr No: 06-298 (GK) |
| | : | |
| SAMUEL VINTON | : | |

<u>DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
TO IMPEACH DEFENDANT WITH PRIOR CONVICTIONS</u>

Defendant, Samuel Vinton, by and through undersigned counsel, hereby opposes the

government's motion to impeach Mr. Vinton with his prior conviction pursuant to Rule 609.

The prior conviction which the government seeks permission to use for impeachment

purposes is a year 2000 misdemeanor[1] conviction for carrying a concealed dangerous weapon.

Impeachment of an accused with a misdemeanor conviction is not permissible under

Federal Rule of Evidence 609(a), unless the misdemeanor involved a crime of dishonesty or false

statement.  Rule 609(a) provides that for the purpose of attacking the credibility of a witness,

(1)    evidence that a witness other than an accused has been convicted of a crime shall
be admitted, subject to Rule 403, if the crime was punishable by death or
imprisonment in excess of one year under the law under which the witness was
convicted, and evidence that an accused has been convicted of such a crime shall
be admitted if the court determines that the probative value of admitting this
evidence outweighs its prejudicial effect to the accused; and

(2)    evidence that any witness has been convicted of a crime shall be admitted if it
involved dishonesty or false statement, regardless of the punishment.

---

[1] *See* MD. Code. Ann. Art. 27 § 36(a)(1):
Every person who shall wear or carry any ... dangerous or deadly weapon of any kind,
whatsoever about his person, and every person who shall wear or carry any such weapon,
... openly with the intent or purpose of injuring any person in any unlawful manner, shall
be guilty of a misdemeanor, and upon conviction, shall be fined not more than $1,000 or
be imprisoned in jail, or sentenced to the Maryland Department of Correction for not
more than three years.

MD. Code. Ann. Art. 27 § 36(a)(1).

Thus, for purposes of impeaching "an accused," only (1) felonies whose probative value the court rules outweighs prejudicial effect, and (2) felonies or misdemeanors involving dishonesty or false statement, may be used.

Since Mr. Vinton's conviction is a misdemeanor, it would have to be a crime of dishonesty or false statement, in order to be available for impeachment use.

Courts tend to define "dishonesty or false statement" narrowly. *United States v. Mejia-Alarcon,* 995 F.2d 982, 989 n.7 (10th Cir. 1993).  Neither marijuana nor gun possession are crimes of dishonesty or false statement. *See, e.g., Medrano v. City of Los Angeles*, 973 F.2d 1499, 1507 (9th Cir. 1992)(drug use not a crime of dishonesty or false statement for 609 purposes)*; United States v. Brackeen,* 969 F.2d 827 (9th Cir. 1992) (crimes of "dishonesty or false statement" include only "those crimes that factually or by definition entail some element of misrepresentation or deceit, and not to those crimes which, bad though they are, do not carry with them a tinge of falsification").

WHEREFORE, for these reasons and any others which might be advanced at any hearing on the government's motion, the Court should deny the government's motion.

Respectfully submitted,

_____/s/_____
Nikki Lotze
Roberts & Wood
6801 Kenilworth Ave., Suite 202
Riverdale, MD 20737
(301) 699-0764

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant's Opposition has been sent by fax and by mail this _____ day of _____, 2007, to:

AUSA Precious Murchison
Office of the United States Attorney
USDC Trial Division
555 4th Street, N.W.
Washington, D.C.  20530

_____/s/_____
Nikki Lotze