IN THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| V. | : | 06-298(GK) |
| SAMUEL VINTON | : | |

### DEFENDANT'S MOTION TO RECONSIDER
### ORDER DENYING MOTION TO SUPPRESS TANGIBLE EVIDENCE

Samuel Vinton, the defendant, through undersigned counsel, respectfully moves this Court to reconsider it's denial of the defendant's motion to suppress tangible evidence. In support of this motion, counsel states the following:

After a hearing on the defendant's motion to suppress tangible evidence, the Court issued an Order denying that motion. The Court held that police had probable cause to arrest Mr. Vinton for carrying a dangerous weapon (hereinafter "CDW").

The Court's conclusion that probable cause existed appears premised upon the understanding that – unlike with the crime of possession of a prohibited weapon (hereinafter "PPW") -- the government need not prove specific intent to use the weapon unlawfully. *See* Court's Order at para 10.

However, as the Court recognizes, the government must prove "that the defendant's purpose in carrying the instrument was its use as a dangerous weapon." *In re S.P.,* 465 A.2d 823, 826 (D.C. 1983); *see also Strong v. United States,* 581 A.2d 383, 386 (D.C. 1990).

In fact, courts "determine[] which knives constitute[] 'deadlly or dangerous weapons capable of being so concealed' [as] described in §22-3204, by focusing upon the intent of the person carrying the knife, as well as upon the design or construction of the knife carried." *Mihas v. United States,* 618 A.2d 197, 201 (D.C. 1992)(evidence that defendant used a paring knife in committing an intent-to-frighten assault, satisfied the government's burden to prove that

defendant had the requisite intent to use the paring knife as a dangerous weapon).

Put another way:

> [A]ll knives are not per se dangerous weapons. A knife may be used as a tool in certain trades or hobbies or it may be carried for utilitarian reasons. Section 22-3204 does not prohibit the carrying of such instruments for a legitimate purpose. The statute ... outlaws the carrying of an otherwise useful object were the surrounding circumstances, such as the time and place the defendant was found in possession of such an instrument, or the alteration of the object, indicate that the possessor would use the instrument for a dangerous purpose.

*Scott v. United States,* 243 A.2d 54, 56 (D.C. 1968)(citations omitted)(government proved defendant's intent to use 2 knives as dangerous weapons, where defendant possessed the knives in movie theater; court could conceive of no legitimate reason for such possession, and defendant offered none, and, upon approach of police, defendant discarded one knife and attempted to further conceal the other).

Counsel urges the Court to reconsider its denial of the motion to suppress in light of the fact that, consistent with the above cited case law, it was incumbent upon the government to prove Mr. Vinton's intent to use the knives as dangerous weapons, in order for there to have been probable cause for Mr. Vinton's arrest for CDW.

In determining whether the government has proven the defendant's intent to use the object as a dangerous weapon, "the factfinder must consider the circumstances surrounding its possession and use." *In re S.P.,* 465 A.2d at 826. The surrounding circumstances which factfinders are instructed to consider include:

> the design or construction of the instrument; the conduct of the defendant prior to his arrest; any physical alteration of the instrument, and the time and place the defendant was found in possession.

*Id.* at 826 (citations omitted).

Here, there was nothing about the design or construction of either knife which the officer had observed prior to the arrest which revealed either knife to be a dangerous weapon. The first knife was sheathed and in plain view. Photographs of the knife were introduced as evidence at the hearing. The second knife, recovered from beneath the floor mat on the front passenger side of the car, was described as "a butterfly knife," that did not have a serrated blade.

There was no evidence that either knife had been physically altered, nor was there anything about the design or construction of either knife that distinguished the possession of them from "possession of a kitchen knife or, for that matter, a furniture leg." *Compare United States v. Christian,* 187 F.3d 663, 667 (D.C. 1999)(no probable cause for PPW arrest where government failed to prove defendant's specific intent to use knife "in an assaultive or otherwise unlawful manner.").

With regard to the conduct of the defendant prior to his arrest, the only circumstance arguably weighing slightly in favor of the government might be that upon discovery of the mace and the second knife, Officer Alton believed that Mr. Vinton had been less than truthful in responding to the officer's question about the presence of other weapons in the car. However, as the Officer acknowledged, he did not find the possession of mace to be suspicious given Mr. Vinton's employment in the security business.

In all other ways, Mr. Vinton's conduct prior to his arrest was courteous, calm, and not in any way suspicious. When, despite the cordial exchange up to the point of his being handcuffed, Mr. Vinton was nonetheless placed in handcuffs and removed from the car, he became less cooperative. However the officer testified that he found this, too, an understandable and not suspicious turn of events.

Regarding the time and place of the possession of the knives by Mr. Vinton, this factor, too, weighs in favor of Mr. Vinton. On September 9, 2006, the evening of the traffic stop at issue, Officer Alton did not believe that the general area of the stop was a high crime area. On the contrary, Officer Alton characterized the area as a residential neighborhood. Since September 9, 2006, Officer Alton and his partner have had occasion to stop a handful of other cars which turned out to contain either drugs or a gun, or both. However, that was not information known to Officer Alton at the time he assessed the circumstances as they related to Mr. Vinton's arrest.

Moreover, the stop occurred shortly after 9:00 p.m. – not an hour at which it would have been unusual to find a motorist in the 3200 block of Minnesota Ave., SE; the vehicle was properly registered and displayed valid, unexpired license plates as required; the driver cooperatively and readily produced all requested documentation, and the car being driven was a 2001 Nissan Maxima – not a vehicle which, apart from its window tint, attracted any particular attention.

Finally, a defendant's explanation of his purpose in carrying the instrument, is to be taken into account in assessing whether the government has proven that the defendant intended to use the object as a dangerous weapon. *S.P.,* 465 A.2d at 826; *see also Scott,* 243 A.2d at 56 (fact that defendant offered no legitimate explanation for possession of 2 knives in movie theater, relevant to determination that government proved defendant's intent to use knives as dangerous weapons).

Here, Mr. Vinton explained that he used the knife in fishing with his grandfather. That explanation satisfied Officer Alton, who testified that at that point had no concerns about Mr.

4

Vinton; the knife, or anything else about the routine, cordial traffic stop.

Thus, apart from possibly the Officer's belief that Mr. Vinton may have been less than truthful in answering his question concerning the existence of other weapons, there is simply nothing in the record that supports a finding that the government has proven, by reference to the surrounding circumstances, that Mr. Vinton intended to use the knives as dangerous weapons, so as to supply the necessary probable cause for his arrest on CDW.

WHEREFORE, for the foregoing reasons, and for such other reasons as may appear at any further hearing on this Motion, Mr. Vinton respectfully requests that this Court reconsider its order denying the motion to suppress tangible evidence, and grant the motion.

          Respectfully submitted,


          _____/s/_____
          Nikki Lotze
          Counsel for Mr. Vinton
          Roberts & Wood
          6801 Kenilworth Ave., Suite 202
          Riverdale, MD  20737
          (301) 699-0764


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion to Suppress Tangible Evidence and attached Memorandum of Points and Authorities in Support of Defendant's Motion to Suppress Tangible Evidence has been delivered by _____ to AUSA Precious Murchison, Office of the U.S. Attorney, this ____ day of _____, 2007.


          _____/s/_____
          Nikki Lotze

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| V. | : | 06-298(GK) |
| SAMUEL VINTON | : | |

### PROPOSED ORDER

Upon consideration of the Defendant's motion to reconsider Order denying motion to suppress evidence, it is this _____ day of _____, 2007, hereby ORDERED that the motion is GRANTED.

_____
Judge Kessler

Nikki Lotze
Roberts & Wood
6801 Kenilworth Avenue, Suite 202
Riverdale, MD 20737

AUSA Precious Murchison
Office of the United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530