UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-298 (GK) |
| | : | |
| v | : | |
| | : | |
| SAMUEL VINTON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING THE GOVERNMENT'S MOTION TO IMPEACH DEFENDANT WITH HIS PRIOR CONVICTION PURSUANT TO RULE 609**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this Motion for Reconsideration of the Court's February 16, 2007 Order, and states as follows:

1. On February 16, 2007, the Court denied the government's motion to impeach the Defendant with his prior 2000 conviction for carrying a concealed dangerous weapon. In doing so, the Court found that because the conviction with which the government seeks to impeach the Defendant is a misdemeanor, the government has failed to satisfy the first requirement of Fed. R. Evid. 609(a).

2. Although the Defendant's prior conviction is classified as a misdemeanor under Maryland law, it may be used to impeach him pursuant to Fed. R. Evid. 609(a)(1) given its potential penalty of imprisonment in excess of one year. "[E]vidence that an accused has been convicted of [a crime punishable by more than one year imprisonment] shall be admitted if the [C]ourt determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). Here, the Defendant has been convicted of one such crime. The Defendant's prior conviction for carrying a concealed dangerous weapon is an offense which is punishable by more

than one year of imprisonment, and thus is within the scope of Fed. R. Evid. 609(a)(1). See MD Code Art. 27, § 36(d)(1) (person who violates MD statute prohibiting the carrying of a concealed dangerous weapon is "guilty of a misdemeanor and on conviction subject to imprisonment not exceeding 3 years or a fine not exceeding $1,000 or both").[1] Additionally, The Defendant's prior conviction bears directly upon his credibility. In this case, a constructive possession case, the Defendant's credibility will be central to the outcome of the case should he choose to testify. He was the only person in the vehicle where the weapon was recovered. Thus, the probative value far outweighs any prejudice to the Defendant, and the government is therefore entitled to challenge his credibility with his prior conviction.[2]

    3. It is well-settled law that a conviction that is classified under state law as a misdemeanor may be used to impeach a defendant pursuant to Fed. R. Evid. 609(a)(1) when that offense is punishable by imprisonment that exceeds one year. See United States v. Crawford, 613 F.2d 1045,

---

[1] Although the government did not file a Reply to Defendant's Opposition filed February 5, 2007, the government notes that in his Opposition, the Defendant admits his prior conviction was punishable by three years of imprisonment, and makes no argument that admission of the conviction for impeachment purposes would be substantially more prejudicial than probative. Nor does the Defendant argue that the conviction occurred more than ten years ago, so as to make the conviction presumptively unusable, pursuant to Fed. R. Evid. 609(b). The government further notes that while the Defendant baldly asserts that his prior conviction cannot be used to impeach him, he cites no authority to support the proposition that an offense which is classified as a misdemeanor under state law is inadmissible under Fed. R. Evid. 609(a)(1) when it is punishable by imprisonment in excess of one year.

[2] As we have previously argued in the Government's Motion to Impeach Defendant with His Prior Conviction Pursuant to Rule 609 ("Government's Motion"), the fact that the Defendant is currently charged with another weapons offense is no bar to impeaching him with a prior weapons offense. See Government's Motion at 2-3; see also United States v. Smith, 49 F.3d 475 (8th Cir. 1995) (evidence of defendant's prior gun conviction properly used to impeach his credibility in case charging defendant with being a felon in possession of a firearm); United States v. Causey, 9 F.3d 1341 (7th Cir. 1993) cert. denied, 511 U.S. 1024 (1994) (permissible to allow impeachment with prior gun conviction in gun case where defendant's credibility was central).

1049 (D.C. Cir. 1979) (noting that violation for shoplifting in Maryland could fall within Rule 609(a)(1) because that offense is punishable by imprisonment for more than one year regardless of whether the offense is a felony [] or a misdemeanor"); see also United States v. Dorsey, 591 F.2d 922, 934 (D.C. Cir. 1978) (vacated on other grounds) (noting that Maryland misdemeanor conviction for shoplifting is impeachable offense under Fed. R. Evid. 609(a)(1) because it carries sanction of imprisonment in excess of one year); United States v. Roberson, No. 06-CR-3010, 2006 WL 2089944, at *7 (N.D. Iowa Jul. 25, 2006) (finding that conviction of driving while barred was potentially impeachable offense pursuant to Fed. R. Evid. 609(a)(1) since offense was aggravated misdemeanor punishable by imprisonment for up to two years under Iowa law); Cf. United States v. Millings, 535 F.2d 121, 123 (D.C. Cir. 1976) (holding that CPWL and possession of heroin convictions are not impeachable offenses under Fed. R. Evid. 609(a)(1) since offenses were "misdemeanors not punishable by death or imprisonment in excess of one year").

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court grant the government's motion for reconsideration and permit the government to impeach the Defendant's credibility with his prior conviction should he testify at trial.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney
    D.C. Bar No. 498610

    _____/s/_____
    PRECIOUS MURCHISON
    Assistant United States Attorney
    Maryland Bar
    555 Fourth Street, N.W.
    Washington, D.C. 20530
    (202) 307-6080
    Precious.Murchison@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the Defendant, Nikki Lotze, this 23rd day of February 2007.

                                                  ____/s/_____
                                                  Precious Murchison
                                                  Assistant United States Attorney