**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | Cr No: 06-298 (GK) |
| | : | |
| SAMUEL VINTON | : | |

<u>DEFENDANT'S OPPPOSITION TO GOVERNMENT'S MOTION</u>
<u>FOR RECONSIDERATION OF COURT ORDER DENYING GOVERNMENT'S MOTION</u>
<u>TO IMPEACH DEFENDANT WITH PRIOR CONVICTIONS PURSUANT TO RULE 609</u>

Defendant, Samuel Vinton, by and through undersigned counsel, hereby opposes the government's motion to reconsider the Court's Order denying the government's motion to impeach Mr. Vinton with his prior conviction pursuant to Rule 609.

The "conviction" which the government seeks to introduce should Mr. Vinton testify, is a year 2000 adjudication for carrying a concealed deadly weapon, for which Mr. Vinton -- according to the government -- received a sentence of "imposition of sentence suspended," and six months' probation.

Thus, it appears that Mr. Vinton received the benefit of probation before judgment (PBJ), treatment pursuant to MD Code Criminal Procedure §6-220.[1]  Pursuant to section 6-220, after a defendant pleads either guilty or *nolo contendere,* or is found guilty of a crime, the court "may stay the entering of judgment, defer further proceedings, and place the defendant on probation..." Md Code Crim. Proc. § 6-220(b)(1).  Upon successful completion of the probationary term, a defendant is to be discharged from probation and:

discharge of a defendant under this section shall be without judgment of conviction and is not a conviction for the purpose of any disqualification or disability imposed by law

---

[1]The materials provided by the government do not reflect the disposition of the matter. Counsel has separately ordered, but not yet received, a copy of the Court file including disposition of the matter.

because of conviction of a crime.

Md. Code Crim. Proc. § 6-220(g)(3).

Therefore, if Mr. Vinton received the benefit of PBJ treatment and successfully completed his probationary term, then his "conviction" of carrying a concealed deadly weapon is not a conviction at all.  Even if he did not, and the adjudication is therefore a conviction, from the materials relating to the Maryland case provided by the government, it is clear that any such conviction relates to Mr. Vinton's possession of a "knuckle knife," and not to his possession of any gun.[2]

Rule 609(a) provides that for the purpose of attacking the credibility of a witness, "evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."

There would be overwhelming prejudice to Mr. Vinton if the jury were to learn that he had previously been convicted of carrying a concealed dangerous weapon, if in fact he has been so convicted.  *See, e.g., commentary* to Fed. R. Evid. 609, U.S.C.S. L.Ed (1998) at 781 (suggesting that courts should not permit impeachment of a defendant with convictions which are similar to the crime with which the defendant is charged, and/or are "particularly inflammatory").   Such prejudice is not outweighed by what probity the government might assert in support of its desire to use the possible conviction to impeach Mr. Vinton if he should testify.

Any arguable probative value of the possible conviction is outweighed by the prejudicial

---

[2]As is set forth more fully in the defendant's Opposition to the government's 404(b) motion, the Maryland matter arose from Mr. Vinton's arrest on August 30, 1999, with a co-defendant.  The co-defendant in the matter was alleged to have fired a few rounds from a handgun while he was the passenger in a car driven by Mr. Vinton.  After both men were arrested, the "knuckle knife" was recovered from Mr. Vinton's pocket.

effect of the jury learning that Samuel Vinton has been previously convicted of carrying a concealed dangerous weapon, an offense which does not involve dishonesty or false statement. *See, e.g., United States v. Brackeen,* 969 F.2d 827 (9th Cir. 1992) (crimes of "dishonesty or false statement" include only "those crimes that factually or by definition entail some element of misrepresentation or deceit, and not to those crimes which, bad though they are, do not carry with them a tinge of falsification.")

WHEREFORE, for these reasons and any others which might be advanced at any further hearing on the government's motion, the Court should deny the government's motion to reconsider, and maintain it's Order denying the proposed impeachment.

Respectfully submitted,

_____/s/_____
Nikki Lotze
Roberts & Wood
6801 Kenilworth Ave., Suite 202
Riverdale, MD 20737
(301) 699-0764

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant's Opposition has been sent by fax and by mail this _____ day of _____, 2007, to:

AUSA Precious Murchison
Office of the United States Attorney
USDC Trial Division
555 4th Street, N.W.
Washington, D.C.  20530

_____/s/_____
Nikki Lotze