**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 06-298 (GK)** |
| | : | |
| **v** | : | |
| | : | |
| **SAMUEL VINTON,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING THE GOVERNMENT'S MOTION TO IMPEACH DEFENDANT WITH HIS PRIOR CONVICTION PURSUANT TO RULE 609**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this Reply to Defendant's Opposition filed February 28, 2007, and states as follows:

1. The government has received a certified copy of the Defendant's April 13, 2000 conviction for carrying a concealed deadly weapon, a copy of which is being filed simultaneously as exhibit A.

2. The certified conviction indicates that the Defendant pled guilty to one count of carrying a concealed deadly weapon and, upon conviction, was sentenced to six months' probation and nine months' supervised release. Additionally, the Defendant received credit for time served, and was ordered to pay a fine of $35.00 and court costs of $20.00.[1]

---

[1] The government notes that in prior pleadings, undersigned counsel erroneously indicated that the Defendant had been sentenced to "imposition of sentence suspended."

3. The Defendant did not receive the benefit of Probation Before Judgment (PBJ).[2] Moreover, the Defendant's 2000 Maryland conviction has not been expunged or disturbed in any way, and undersigned counsel has verified that it remains on the Defendant's criminal history record.[3]

4. Federal Rule of Evidence 609(a)(1) provides for the admission of the Defendant's 2000 Maryland conviction for carrying a concealed deadly weapon should he testify at trial because that conviction was punishable by more than one year imprisonment, and its probative value outweighs its prejudicial effect to the Defendant. See Fed. R. Evid. 609(a)(1) ("evidence that an accused has been convicted of [a crime punishable by more than one year imprisonment] ***shall*** be admitted if the [C]ourt determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused") (emphasis added). The probative value of the Defendant's prior conviction far outweighs any prejudice to the Defendant because the prior conviction bears directly upon the Defendant's credibility, and in this case, a constructive possession case in which the Defendant was the only person in the vehicle where the weapon was recovered, the Defendant's credibility will be central to the outcome of the case should he choose to testify. As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his

---

[2] See page four of Exhibit A; section labeled "PBJ END:" does not indicate that the Defendant received PBJ.

[3] Undersigned counsel has reviewed Washington Area Law Enforcement (WALES), National Crime Information Center (NCIC) and Pretrial Real-Time Information System (PRISM) reports, each of which indicate that the Defendant was in fact convicted in Maryland in 2000 of carrying a concealed deadly weapon. Undersigned counsel has also ordered a copy of the entire court file related to the Defendant's 2000 Maryland conviction, and is currently awaiting receipt.

criminal record stands as direct testimony to the contrary." United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted); see also United States v. Causey, 9 F.3d 1341 (7th Cir. 1993) cert. denied, 511 U.S. 1024 (1994) (permissible to allow impeachment with prior gun conviction in gun case where defendant's credibility was central).

5. Although the 2000 Maryland conviction relates to the Defendant's possession of a "knuckle knife" rather than a gun, that fact does not support the Defendant's argument that he would suffer unfair prejudice should the Court allow the government to impeach him with his conviction. To the contrary, that fact supports the government's argument that there is no danger of unfair prejudice where the prior offense is dissimilar to the current offense, particularly where the Court may give a limiting instruction to the jury. See United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (holding that there was no error in admitting evidence of the defendant's prior, similar conviction and noting that prior felony conviction not rendered inadmissible merely because it was similar to offense for which defendant was being tried, and directing that in such circumstances, a limiting instruction should be given to the jury); see also United States v. Smith, 49 F.3d 475 (8th Cir. 1995) (evidence of defendant's prior gun conviction properly used to impeach his credibility in case charging defendant with being a felon in possession of a firearm).

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court grant the government's motion for reconsideration and permit the government to impeach the Defendant's credibility with his prior conviction should he testify at trial.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

______________________________

PRECIOUS MURCHISON
Assistant United States Attorney
Maryland Bar
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-6080
Precious.Murchison@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the Defendant, Nikki Lotze, this 8th day of March 2007.

______________________________

Precious Murchison
Assistant United States Attorney

**DISTRICT COURT OF MARYLAND FOR** Upper Marlboro/Prince George's County
City/County

Located at 14735 MAIN STREET - UPPER MARLBORO, MD 20772
Court Address

STATE OF MARYLAND
OR

Case No. 1E00132903 CR

Plaintiff vs. VINTON, SAMUEL HYNE JR.
Defendant

## CERTIFICATION

I hereby certify that I am a custodian of the records of this Court, that I am authorized to make this certification, and that the attached, consisting of 3 pages, is a true and exact copy taken from the records of this Court.

In witness whereof, I hereby set my hand under seal of the District Court of Maryland.

Mary J. Arms
Administrative Clerk/County Clerk

10/11/06
Date

**DC 33** (Rev. 10/98)

OCT 11,2006 DISTRICT COURT OF MARYLAND 10/11/06
WEDNESDAY CRIMINAL SYSTEM INQUIRY CHARGE/DISPOSITION DISPLAY DIST: 05

CASE: 1E00132903 CR STATUS: C CHG DATE: 01/05/03 CC: 99243136 DIST: 05 02
TRACKING NO: 98-0001-01131-2 LOCAL ID: X0337557 DOC: SC ISSUED: 99/08/31
NAME: VINTON, SAMUEL HYNE DOB: 80/10/29 HT/WT: 507 130 SEX/RACE: M1
ADDR: DISP: TRL 00/04/13 CNSL: B DEF:
3216 D STREET, SE #1 EVENT DATE: TIME:
WASHINGTON DC 200190000 ROOM: TYPE: DATE SET:
DPAY: DUE: FINAL: SID:

------------- CHARGE ------------- --------------- DISPOSITION ----------------
001 HANDGUN ON PERSON PLEA: OP DISP: NP 00/01/19 ACS:
CJIS: 1 -5212 AR: FINE: SUSP FINE:
AMENDED: MO/PLL: COST: SUSP COST:
CAUSE: VICTIM AGE: CICF: SUSP CICF:
PBJ END: PROB END:
INCIDENT DATE: TERM: SUSP TERM:
CREDIT TIME SERV: REST:

NEXT PAGE P/N PAGE 001



OCT 11,2006 DISTRICT COURT OF MARYLAND 10/11/06
WEDNESDAY CRIMINAL SYSTEM INQUIRY CHARGE/DISPOSITION DISPLAY DIST: 05

CASE: 1E00132903 CR STATUS: C CHG DATE: 01/05/03 CC: 99243136 DIST: 05 02
TRACKING NO: 98-0001-01131-2 LOCAL ID: X0337557 DOC: SC ISSUED: 99/08/31
NAME: VINTON, SAMUEL HYNE DOB: 80/10/29 HT/WT: 507 130 SEX/RACE: M1
ADDR: DISP: TRL 00/04/13 CNSL: B DEF:
3216 D STREET, SE #1 EVENT DATE: TIME:
WASHINGTON DC 200190000 ROOM: TYPE: DATE SET:
DPAY: DUE: FINAL: SID:

------------- CHARGE ------------- --------------- DISPOSITION ----------------
002 HANDGUN IN VEHICLE PLEA: OP DISP: NP 00/01/19 ACS:
CJIS: 1 -0175 AR: FINE: SUSP FINE:
AMENDED: MO/PLL: COST: SUSP COST:
CAUSE: VICTIM AGE: CICF: SUSP CICF:
PBJ END: PROB END:
INCIDENT DATE: TERM: SUSP TERM:
CREDIT TIME SERV: REST:

NEXT PAGE P/N PAGE 002



OCT 11,2006 DISTRICT COURT OF MARYLAND 10/11/06
WEDNESDAY CRIMINAL SYSTEM INQUIRY CHARGE/DISPOSITION DISPLAY DIST: 05

CASE: 1E00132903 CR STATUS: C CHG DATE: 01/05/03 CC: 99243136 DIST: 05 02
TRACKING NO: 98-0001-01131-2 LOCAL ID: X0337557 DOC: SC ISSUED: 99/08/31
NAME: VINTON, SAMUEL HYNE DOB: 80/10/29 HT/WT: 507 130 SEX/RACE: M1
ADDR: DISP: TRL 00/04/13 CNSL: B DEF:
3216 D STREET, SE #1 EVENT DATE: TIME:
WASHINGTON DC 200190000 ROOM: TYPE: DATE SET:
DPAY: DUE: FINAL: SID:

------------- CHARGE ------------- --------------- DISPOSITION ---------------
003 DEADLY WEAPON-CONCEAL PLEA: G DISP: G 00/04/13 ACS:
CJIS: 1 -5202 AR: FINE: SUSP FINE:
AMENDED: MO/PLL: COST: 20.00 SUSP COST:
CAUSE: X VICTIM AGE: CICF: 35.00 SUSP CICF:
PBJ END: PROB END: 01/01/26
INCIDENT DATE: TERM: JAL 00/06/000 SUSP TERM:
CREDIT TIME SERV: 0007 REST:

END OF DISPLAY P/1 PAGE 003

