UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 06-298 (GK) |
| v : | |
| : | Trial: August 20, 2007 |
| SAMUEL H. VINTON, JR. : | |
| : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO RECONSIDER ORDER DENYING MOTION TO SUPPRESS TANGIBLE
EVIDENCE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Motion to Reconsider. As grounds for this Opposition, the government states the following:

On February 12, 2007, the Court issued a Memorandum Opinion by which it denied the Defendant's motion to suppress tangible evidence. Following a hearing on the motion, the Court found that the government's witness, Officer William Alton, was "extremely credible," and the Court found that "based upon all the facts and circumstances known to Officer Alton at the time of arrest, there was probable cause to arrest the Defendant for carrying a dangerous weapon in violation of 22 D.C. Code [Section] 3204." Thereafter, on February 15, 2007, the Defendant filed a motion for reconsideration of the Court's order denying his motion to suppress tangible evidence.

ARGUMENT

The Court Properly Denied Defendant's Motion to Suppress

The Defendant suggests that the Court erred by denying his motion to suppress, and the Defendant requests that the Court reconsider its ruling. Specifically, the Defendant argues that, at the time of his arrest, the circumstances surrounding his possession of the knives did not suggest that he intended to use the knives as dangerous weapons. See Defendant's Motion at 2-4. The

Defendant's claim lacks merit.

### A. Standard of Review

A district court's decision whether to reconsider a ruling on a motion to suppress is reviewed for abuse of discretion. See United States v. Herrold, 962 F.2d 1131, 1136 (3d Cir.), cert. denied, 506 U.S. 958 (1992). Indeed, in the context of reconsideration, the Seventh Circuit has held that a district court is "require[d] . . . to reconsider its pretrial order if it granted the motion to suppress and matters revealed later indicate that the ruling may have been erroneous." United States v. Regillo, 669 F.2d 1169, 1177 (7th Cir. 1981).

### B. Legal Analysis

Here, the Court did not err in denying the Defendant's motion to suppress. To the contrary, the Court's ruling is supported by both the evidence in this case, and the law. In order to determine whether "an otherwise useful object" is a dangerous weapon, the Court must consider "the surrounding circumstances, including, among others, the design or construction of the instrument; the conduct of the defendant prior to his arrest; any physical alteration of the instrument; and the time and place the defendant was found in possession." United States v. Broadie, 452 F.3d 875, 882 (D.C. Cir. 2006) (internal citations omitted); see also Monroe v. United States, 598 A.2d 439, 440-41 (D.C. 1991). The Court's Memorandum Opinion filed February 12, 2007 demonstrates that the Court carefully considered these factors, and the totality of the circumstances, in finding that the Defendant's arrest was supported by probable cause.

First, the design and construction of the large knife which was in plain view and within arm's reach of the Defendant supports the Court's finding that the Defendant's arrest was supported by probable cause. Here, the Defendant possessed a large knife with a blade of four or five inches.

Although the large knife was not altered in any way, the design and construction of the weapon itself is one factor that supports the inference that the Defendant intended to use it as a dangerous weapon. See Monroe v. United States, 598 A.2d 439 (D.C. 1991) (CDW conviction upheld where knife with six-inch blade found in bag by police at security checkpoint, even though defendant did not wield or use it and voluntarily told officers he had it).

Second, the Defendant's conduct prior to arrest is another factor that supports the Court's finding that Officer Alton had probable cause to arrest the Defendant. When questioned, the Defendant gave inconsistent statements about whether there were weapons in his car, and this reasonably heightened Officer Alton's suspicions. When Officer Alton recovered two cans of mace and a butterfly knife from the Defendant's car, despite the Defendant's claim that he had no other weapons, Officer Alton reasonably viewed the Defendant with heightened suspicion. Furthermore, the Defendant's explanation about why he possessed the bag of ear foamies, and the change in the Defendant's demeanor once he was removed from his car reasonably raised Officer Alton's suspicions even more.

Finally, the time and place of the Defendant's possession of the large knife and the butterfly knife support the Court's finding that there was probable cause to arrest the Defendant. The knives were recovered from the Defendant's car during a traffic stop that occurred late at night in an area in which a double homicide, committed by stabbing, had recently occurred. Additionally, the butterfly knife was hidden under the front passenger floor board of the Defendant's car, and the large knife was within reach of the Defendant. These factors support the inference that the Defendant intended to use the knives as dangerous weapons.

Although the Defendant claimed that he possessed the large knife for a legitimate purpose - fishing with his grandfather - Officer Alton was not required to accept the Defendant explanation, particularly when Officer Alton believed the Defendant had been dishonest about whether he had additional weapons in the car, and when Officer Alton did not see any fishing gear or equipment in the Defendant's car.  To the contrary, the facts supported the inference that the Defendant intended to use the knives as dangerous weapons, whether in connection with his purported employment in the "personal security" field or otherwise.[1]

Based on all of these factors, the police reasonable concluded that the knives were inherently weapons which the Defendant intended to use as weapons.  Thus, the police were justified in arresting the Defendant, and in searching the briefcase thereafter.

---

[1] There is no requirement that a defendant evidence a specific intent to use the weapon for an unlawful purpose.  See Monroe v. United States, 598 A.2d 439, 440 (D.C. 1991) (citation omitted); see also Mackey v. United States, 451 A.2d 887, 889 (D.C. 1982) (in prosecution for carrying a concealed or dangerous weapon, "the only required proof [of intent] is an intent to do the proscribed act").

**CONCLUSION**

WHEREFORE, the United States respectfully submits that Defendant's Motion to Reconsider should be denied.

>Respectfully submitted,
>
>JEFFREY A. TAYLOR
>United States Attorney
>D.C. Bar No. 498610
>
>_____/s/_____
>PRECIOUS MURCHISON
>Assistant United States Attorney
>Maryland Bar
>555 Fourth Street, N.W.
>Washington, D.C. 20530
>(202) 307-6080

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Criminal No. 06-298 (GK) |
| v | : | |
| | : | Trial: August 20, 2007 |
| **SAMUEL H. VINTON, JR.** | : | |
| | : | |

### ORDER

Upon consideration of the Defendant's Motion for Reconsideration filed February 15, 2007, the government's Opposition thereto, and the entire record herein, it is this _____ day of _____, 2007, hereby

**ORDERED**, that the Defendant's motion is hereby **DENIED**.


Date:_____                    _____
                                          Gladys Kessler
                                          United States District Judge


cc:

Precious Murchison
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

Nikki U. Lotze, Esq.
Roberts & Wood
Berkshire Building
6801 Kenilworth Avenue
Riverdale, MD 20737