UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-298 (GK) |
| | : | |
| v. | : | |
| | : | Trial: August 20. 2007 |
| SAMUEL VINTON, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT A THIRD PARTY COMMITTED THE CHARGED CRIMES

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby moves in limine to exclude any cross-examination, evidence, argument, or other references in support of anticipated defense theories that a specific individual(s), or unidentified individual(s), other than the above-referenced defendant committed the crimes charged in the Indictment. As grounds for this motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on the motion:

BACKGROUND

The Defendant has been charged in a two-count indictment with Unlawful Possession with Intent to Distribute Ecstasy, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). The evidence will show that on September 9, 2006, at approximately 9:08 p.m., United States Park Police Officer William Alton conducted a traffic stop of the defendant in the 3200 block of Minnesota Avenue, Southeast. The defendant was driving a car, which was registered in his name, and he was the sole occupant of the car. During the traffic stop, Officer Alton recovered a large knife with a wooden handle that was lying on the back seat in the Defendant's car, a butterfly knife underneath the mat on the passenger side floor board, and two cans of mace in the center

console. Additionally, Officer Alton found a locked brief case, and a bag of ear foamies on the back seat of the Defendant's car. Ultimately, Officer Alton arrested the Defendant, and thereafter, recovered a .45 caliber semiautomatic handgun, .45 caliber ammunition, brass knuckles, a double-edged fighting knife, two pill bottles, and several plastic bags that contained a total of 243 ecstacy pills from the briefcase. In the event the defendant attempts to suggest a third-party perpetrator defense by offering evidence that someone other than the defendant possessed the contraband which was recovered from the defendant's car, the government seeks to preclude such evidence unless the defendant establishes a sufficient nexus between the third party and the drugs and gun seized in his car.[1]

DISCUSSION

An accused's right to present evidence is not without limits. "A district court has wide discretion to admit or exclude evidence where the question is one of relevancy or materiality." See United States v. Morgan, 581 F.2d 933, 936 (D.C. Cir. 1978) (addressing admissibility of evidence suggesting third-party culpability); see also Fed. R. Evid. 104 (b). Additionally, a trial judge is required to "exclud[e] [even relevant evidence] if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." U.S. v. Jordan, 485 F.3f 1214, 1218 (10th Cir. 2007) (quoting Fed. R. Evid. 403). "As the Supreme Court recently noted in reviewing the constitutionality of a South Carolina statute that excluded third-party guilt evidence, '[e]vidence tending to show the commission by another person of the crime charged may be introduced by accused when it is inconsistent with, and raises a reasonable doubt of, his own guilt;

---

[1] Specifically, the government anticipates that the defendant may suggest that a third-party left the contraband in his car, and that a third party, either identified or unidentified, actually constructively possessed the contraband that was recovered in this case.

but frequently matters offered in evidence for this purpose are so remote and lack such connection with the crime that they are excluded.'" Jordan, 485 F.3d at 1218-19 (quoting Holmes v. South Carolina, 547 U.S. 319, 126 S.Ct. 1727, 1733 (2006).

Here, the defendant cannot establish the required nexus for admission of evidence that a third-party committed the offenses with which the defendant is charged. See U.S. v. Cabrerra, 80 F.3d 558 (D.C. Cir. 1996) (noting that in determining whether to admit evidence inculpating a third party, courts consider, *inter alia*, "the strength of the nexus between the third party and the crime"). First, any evidence that a third-party left the contraband in the defendant's car would be speculative and remote at best because the defendant was the operator and sole occupant of the car in which the contraband was recovered, the car was registered to the defendant, and the contraband was easily accessible to him. Second, the defendant cannot make a sufficiently specific factual proffer to justify the introduction of evidence suggesting that a third party committed the offenses. There are no facts to suggest that a third party, who was not present at the time and place where the contraband was recovered, committed these offenses. See Jordan, 485 F.3d at 1219 ("It is not sufficient for a defendant merely to offer up unsupported speculation that another person may have done the crime. Such speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice."). Finally, the suggestion that a third party constructively possessed the contraband recovered from the defendant's car would not establish the defendant's innocence because a reasonable jury could conclude that the defendant was in joint, constructive possession of the contraband found in his car. See U.S. v. Stewart, 770 F.2d 825 (9th Cir. 1985) (finding no error to exclude evidence that co-defendant was drug distributor where such evidence would not establish defendant was not himself a drug distributor). For all of these reasons,

any evidence that a third party committed the charged crimes in this case would be substantially more prejudicial than probative.

WHEREFORE, the United States respectfully requests that the government's motion <u>in limine</u> to exclude evidence that a third party committed the charged crimes be granted, unless and until the defendant can demonstrate a sufficient nexus between the third party and the contraband that was seized in this case.

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            United States Attorney
                                            D.C. Bar No. 498610

                                            _____/s/_____
                                            PRECIOUS MURCHISON
                                            Assistant United States Attorney
                                            Maryland Bar
                                            555 Fourth Street, N.W.
                                            Washington, D.C. 20530
                                            (202) 307-6080
                                            Precious.Murchison@usdoj.gov



**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

July 20, 2007

**BY FACSIMILE**
**(301) 699-8706**
Nikki U. Lotze, Esq.
Roberts & Wood
Berkshire Building
6801 Kenilworth Avenue
Riverdale, MD 20737

                Re:        <u>United States v. Samuel Vinton</u>
                           *Case No. 06-298 (GK)*

Dear Ms. Lotze:

      I am writing to provide you with certain additional information, consistent with Rule 16 of the Federal Rules of Criminal Procedure.

      **Discovery**

      Copies of the following documents are enclosed with this letter:

1. Copy of certified DMV registration record
2. FBI Laboratory Report of Examination (2 pages)
3. U.S. Park Police Mobile Crime Lab Report
4. Curriculum vitae of MPD Detective Anthony Washington (3 pages)
5. Curriculum vitae of FBI Physical Scientist and Latent Examiner Myra Valdez (3 pages)

      **Expert Notice**

      In compliance with the government's obligations under Rule 16(a)(1)(E) to provide notice and a summary of the testimony of expert witnesses whom the government currently intends to use during its case-in-chief at trial, please be advised of the following witnesses, their qualifications and expected testimony:

I.       Narcotics Expert:  MPD Detective Anthony Washington

        A.  Qualifications:  Detective Washington's qualifications are set forth in the two-page resume attached to this letter.

        B.  Opinion Testimony: Detective Washington may testify by providing information, explaining, or by rendering an opinion -- concerning the following:

        (1)  the procedures used by the Metropolitan Police Department for handling narcotics evidence and for safeguarding the chain of custody and integrity of the evidence in narcotics cases;

        (2)  the quantitative and qualitative analysis of the narcotics evidence by the DEA and the strength of the substance;

        (3)  the methods of using and purchasing narcotics, specifically ecstasy, in the District of Columbia, including but not limited to:  the reasons for such methods; the cost (price) of narcotics, both wholesale and retail; the common dosage of, usable and measurable amounts, and strength of narcotics; packaging materials and drug paraphernalia that are commonly used to distribute narcotics; methods drug distributors use to avoid detection by the police; the re-sale value of the ecstasy recovered in this case.

        (4) the amounts typically used by drug users, specifically ecstasy users, and the manner in which drugs, specifically ecstasy, is used;

        (5) the significance of logos and colors as a means to identify the ecstasy sold by a particular supplier; the availability of ecstasy in the area in which your client was arrested, including the nearby area of Southern and Pennsylvania Avenues, S.E., and the Maryland and DC dividing lines; the popularity of ecstasy at clubs;

        (6) that automobiles, couriers and weapons, including firearms, are commonly used in the sale, transfer, and trafficking of narcotics in the District of Columbia and elsewhere.  Specifically, Detective Washington will testify that guns are often used to protect drug sellers from being robbed of their belongings, including their drugs and the proceeds of the sale of those drugs.

        C.  Bases and Reasons in Support of Detective Washington's Testimony: Detective Washington's opinions and testimony are based upon his review of the police paperwork related to this case, and his years of training and experience in the area of drug investigations.  Detective Washington is available to discuss his testimony with you at your convenience.  His contact information is included on his resume.

II.     Fingerprint Expert: FBI Physical Scientist and Forensic Examiner Myra Valdez:    .

A. Qualifications: Ms. Valdez's qualifications are set forth in the three-page resume attached to this letter.

B. Opinion Testimony: Ms. Valdez may testify by providing information, explaining, or by rendering an opinion -- concerning the following:

(1) the factors affecting the presence of latent prints, the taking of fingerprints, how fingerprints are left, how fingerprints are lifted, the factors that affect the taking of fingerprints, the comparison of prints, and the identification of prints if there are sufficient "points" to render a print usable.

(2) the sequence of processing items, including non-porous items; the fact that it is often difficult to obtain usable prints, and some of the reasons why a fingerprint might not be obtained (the condition of that persons hands–wet, oily, etc., whether that person is a "secreter," the condition of the item from which prints were attempted–wet, oily, etc., the material that item came in contact with and the likelihood of smudging either by the person or by any material it may come into contact with, the surface area of a person's finger that actually came in touch with the item, etc.).

(3) what methods are used to lift prints (e.g., magnetic dust or superglue), the comparison of a latent print to a known print using "points" which ensure an accurate comparison, and how even if a latent print is recovered, there are sometimes insufficient points to make that print useful.

C. Bases and Reasons in Support of Ms. Valdez's Testimony: Ms. Valdez's opinions and testimony are based upon her review of the police paperwork, specifically the mobile crime lab report in this case, her physical examination of evidence, and her years of training and experience in the area of physical science and forensic examination. Please contact me should you wish to discuss Ms. Valdez's testimony with her, and I will facilitate that discussion.

III.    DEA Chemist.  If you are not willing to stipulate to the results of the DEA analysis, **including the weight and identity of the drugs, and specifically that the drugs recovered were analyzed and determined to be methylendedioxymethamphetiamine (MDMA), which is commonly known as ecstasy**, please let me know **as soon as possible (in writing) so that there will be no trial delay**; I will then have to make arrangements for the chemist to testify.

    Also, please note that the Government hereby renews its earlier reverse discovery request pursuant to Federal Rule of Criminal Procedure 16(b) and a reverse <u>Lewis</u> request, including notice of any expert testimony that the defense intends to call at trial in this case.

        Sincerely,

        JEFFREY A. TAYLOR
        United States Attorney

    By:        /s/
        Precious Murchison
        Office of the United States Attorney
        Federal Major Crimes Section
        Room 4840
        555 Fourth Street, N.W.
        Washington, D.C.  20530

        Office:    202-307-6080
        Fax:    202-514-6010
        E-mail:    Precious.Murchison@usdoj.gov

cc: District Court Case File (without attachments)