

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*

*555 Fourth St. N.W.*
*Washington, D.C. 20001*

July 20, 2007

**BY FACSIMILE**
**(301) 699-8706**
Nikki U. Lotze, Esq.
Roberts & Wood
Berkshire Building
6801 Kenilworth Avenue
Riverdale, MD 20737

    Re:  <u>United States v. Samuel Vinton</u>
        Case No. 06-298 (GK)

Dear Ms. Lotze:

  I am writing to provide you with certain additional information, consistent with Rule 16 of the Federal Rules of Criminal Procedure.

  **Discovery**

  Copies of the following documents are enclosed with this letter:

1.  Copy of certified DMV registration record
2.  FBI Laboratory Report of Examination (2 pages)
3.  U.S. Park Police Mobile Crime Lab Report
4.  Curriculum vitae of MPD Detective Anthony Washington (3 pages)
5.  Curriculum vitae of FBI Physical Scientist and Latent Examiner Myra Valdez (3 pages)

  **Expert Notice**

  In compliance with the government's obligations under Rule 16(a)(1)(E) to provide notice and a summary of the testimony of expert witnesses whom the government currently intends to use during its case-in-chief at trial, please be advised of the following witnesses, their qualifications and expected testimony:

I.    Narcotics Expert:  MPD Detective Anthony Washington

    A. Qualifications:  Detective Washington's qualifications are set forth in the two-page resume attached to this letter.

    B.  Opinion Testimony: Detective Washington may testify by providing information, explaining, or by rendering an opinion -- concerning the following:

    (1)  the procedures used by the Metropolitan Police Department for handling narcotics evidence and for safeguarding the chain of custody and integrity of the evidence in narcotics cases;

    (2)  the quantitative and qualitative analysis of the narcotics evidence by the DEA and the strength of the substance;

    (3)  the methods of using and purchasing narcotics, specifically ecstasy, in the District of Columbia, including but not limited to:  the reasons for such methods; the cost (price) of narcotics, both wholesale and retail; the common dosage of, usable and measurable amounts, and strength of narcotics; packaging materials and drug paraphernalia that are commonly used to distribute narcotics; methods drug distributors use to avoid detection by the police; the re-sale value of the ecstasy recovered in this case.

    (4) the amounts typically used by drug users, specifically ecstasy users, and the manner in which drugs, specifically ecstasy, is used;

    (5) the significance of logos and colors as a means to identify the ecstasy sold by a particular supplier; the availability of ecstasy in the area in which your client was arrested, including the nearby area of Southern and Pennsylvania Avenues, S.E., and the Maryland and DC dividing lines; the popularity of ecstasy at clubs;

    (6) that automobiles, couriers and weapons, including firearms, are commonly used in the sale, transfer, and trafficking of narcotics in the District of Columbia and elsewhere.  Specifically, Detective Washington will testify that guns are often used to protect drug sellers from being robbed of their belongings, including their drugs and the proceeds of the sale of those drugs.

    C.  Bases and Reasons in Support of Detective Washington's Testimony: Detective Washington's opinions and testimony are based upon his review of the police paperwork related to this case, and his years of training and experience in the area of drug investigations.  Detective Washington is available to discuss his testimony with you at your convenience.  His contact information is included on his resume.

II.     <u>Fingerprint Expert: FBI Physical Scientist and Forensic Examiner Myra Valdez</u>:   .

   A. <u>Qualifications</u>: Ms. Valdez's qualifications are set forth in the three-page resume attached to this letter.

   B. <u>Opinion Testimony</u>: Ms. Valdez may testify by providing information, explaining, or by rendering an opinion -- concerning the following:

   (1) the factors affecting the presence of latent prints, the taking of fingerprints, how fingerprints are left, how fingerprints are lifted, the factors that affect the taking of fingerprints, the comparison of prints, and the identification of prints if there are sufficient "points" to render a print usable.

   (2) the sequence of processing items, including non-porous items; the fact that it is often difficult to obtain usable prints, and some of the reasons why a fingerprint might not be obtained (the condition of that persons hands–wet, oily, etc., whether that person is a "secreter," the condition of the item from which prints were attempted–wet, oily, etc., the material that item came in contact with and the likelihood of smudging either by the person or by any material it may come into contact with, the surface area of a person's finger that actually came in touch with the item, etc.).

   (3) what methods are used to lift prints (e.g., magnetic dust or superglue), the comparison of a latent print to a known print using "points" which ensure an accurate comparison, and how even if a latent print is recovered, there are sometimes insufficient points to make that print useful.

   C. <u>Bases and Reasons in Support of Ms. Valdez's Testimony</u>: Ms. Valdez's opinions and testimony are based upon her review of the police paperwork, specifically the mobile crime lab report in this case, her physical examination of evidence, and her years of training and experience in the area of physical science and forensic examination. Please contact me should you wish to discuss Ms. Valdez's testimony with her, and I will facilitate that discussion.

III.    <u>DEA Chemist</u>.  If you are not willing to stipulate to the results of the DEA analysis, **including the weight and identity of the drugs, and specifically that the drugs recovered were analyzed and determined to be methylendedioxymethamphetiamine (MDMA), which is commonly known as ecstasy**, please let me know **as soon as possible (in writing) so that there will be no trial delay**; I will then have to make arrangements for the chemist to testify.

    Also, please note that the Government hereby renews its earlier reverse discovery request pursuant to Federal Rule of Criminal Procedure 16(b) and a reverse <u>Lewis</u> request, including notice of any expert testimony that the defense intends to call at trial in this case.

                                      Sincerely,

                                      JEFFREY A. TAYLOR
                                    United States Attorney

                By:          /s/
                        Precious Murchison
                        Office of the United States Attorney
                        Federal Major Crimes Section
                        Room 4840
                        555 Fourth Street, N.W.
                        Washington, D.C.  20530

                        Office:       202-307-6080
                        Fax:          202-514-6010
                        E-mail:       Precious.Murchison@usdoj.gov

cc: District Court Case File (without attachments)