**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 06-298 (GK)** |
| | : | |
| **v.** | : | |
| | : | **Trial: August 20. 2007** |
| **SAMUEL VINTON,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT A**
**THIRD PARTY COMMITTED THE CHARGED CRIMES**

The United States of America, by and through its counsel, the United States Attorney for the

District of Columbia, hereby moves in limine to exclude any cross-examination, evidence, argument,

or other references in support of anticipated defense theories that a specific individual(s), or

unidentified individual(s), other than the above-referenced defendant committed the crimes charged

in the Indictment. As grounds for this motion, the United States relies on the following points and

authorities and such other points and authorities as may be cited at a hearing on the motion:

BACKGROUND

The Defendant has been charged in a two-count indictment with Unlawful Possession with

Intent to Distribute Ecstasy, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Using,

Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. §

924(c)(1). The evidence will show that on September 9, 2006, at approximately 9:08 p.m., United

States Park Police Officer William Alton conducted a traffic stop of the defendant in the 3200 block

of Minnesota Avenue, Southeast. The defendant was driving a car, which was registered in his

name, and he was the sole occupant of the car. During the traffic stop, Officer Alton recovered a

large knife with a wooden handle that was lying on the back seat in the Defendant's car, a butterfly

knife underneath the mat on the passenger side floor board, and two cans of mace in the center

console.  Additionally, Officer Alton found a locked brief case, and a bag of ear foamies on the back

seat of the Defendant's car.  Ultimately, Officer Alton arrested the Defendant, and thereafter,

recovered a .45 caliber semiautomatic handgun, .45 caliber ammunition, brass knuckles, a double-

edged fighting knife, two pill bottles, and several plastic bags that contained a total of 243 ecstacy

pills from the briefcase.  In the event the defendant attempts to suggest a third-party perpetrator

defense by offering evidence that someone other than the defendant possessed the contraband which

was recovered from the defendant's car, the government seeks to preclude such evidence unless the

defendant establishes a sufficient nexus between the third party and the drugs and gun seized in his

car.[1]

### DISCUSSION

An accused's right to present evidence is not without limits.  "A district court has wide

discretion to admit or exclude evidence where the question is one of relevancy or materiality." See

United States v. Morgan, 581 F.2d 933, 936 (D.C. Cir. 1978) (addressing admissibility of evidence

suggesting third-party culpability); see also Fed. R. Evid. 104 (b).  Additionally, a trial judge is

required to "exclud[e] [even relevant evidence] if its probative value is substantially outweighed by

the danger of unfair prejudice, confusion of the issues, or misleading the jury." U.S. v. Jordan, 485

F.3f 1214, 1218 (10th Cir. 2007) (quoting Fed. R. Evid. 403).  "As the Supreme Court recently noted

in reviewing the constitutionality of a South Carolina statute that excluded third-party guilt evidence,

'[e]vidence tending to show the commission by another person of the crime charged may be

introduced by accused when it is inconsistent with, and raises a reasonable doubt of, his own guilt;

---

[1] Specifically, the government anticipates that the defendant may suggest that a third-party left the contraband in his car, and that a third party, either identified or unidentified, actually constructively possessed the contraband that was recovered in this case.

but frequently matters offered in evidence for this purpose are so remote and lack such connection with the crime that they are excluded.'" Jordan, 485 F.3d at 1218-19 (quoting Holmes v. South Carolina, 547 U.S. 319, 126 S.Ct. 1727, 1733 (2006).

Here, the defendant cannot establish the required nexus for admission of evidence that a third-party committed the offenses with which the defendant is charged. See U.S. v. Cabrerra, 80 F.3d 558 (D.C. Cir. 1996) (noting that in determining whether to admit evidence inculpating a third party, courts consider, *inter alia*, "the strength of the nexus between the third party and the crime"). First, any evidence that a third-party left the contraband in the defendant's car would be speculative and remote at best because the defendant was the operator and sole occupant of the car in which the contraband was recovered, the car was registered to the defendant, and the contraband was easily accessible to him. Second, the defendant cannot make a sufficiently specific factual proffer to justify the introduction of evidence suggesting that a third party committed the offenses. There are no facts to suggest that a third party, who was not present at the time and place where the contraband was recovered, committed these offenses. See Jordan, 485 F.3d at 1219 ("It is not sufficient for a defendant merely to offer up unsupported speculation that another person may have done the crime. Such speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice."). Finally, the suggestion that a third party constructively possessed the contraband recovered from the defendant's car would not establish the defendant's innocence because a reasonable jury could conclude that the defendant was in joint, constructive possession of the contraband found in his car. See U.S. v. Stewart, 770 F.2d 825 (9th Cir. 1985) (finding no error to exclude evidence that co-defendant was drug distributor where such evidence would not establish defendant was not himself a drug distributor). For all of these reasons,

any evidence that a third party committed the charged crimes in this case would be substantially

more prejudicial than probative.

WHEREFORE, the United States respectfully requests that the government's motion <u>in</u>

<u>limine</u> to exclude evidence that a third party committed the charged crimes be granted, unless and

until the defendant can demonstrate a sufficient nexus between the third party and the contraband

that was seized in this case.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610


/s/

PRECIOUS MURCHISON
Assistant United States Attorney
Maryland Bar
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-6080
Precious.Murchison@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. 06-298 (GK)** |
| | **:** | |
| **v.** | **:** | **Trial: August 20, 2007** |
| | **:** | |
| **SAMUEL VINTON,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

<u>**ORDER**</u>

WHEREUPON, having considered Government's Motion in Limine to Exclude Evidence

that a Third Party Committed the Charged Crimes, the Opposition thereto, if any, and the record

herein, it is this _____ day of _____, 2007, hereby

ORDERED, that the Government's Motion is  hereby GRANTED.


Date:_____                    _____
                                          GLADYS KESSLER
                                          UNITED STATES DISTRICT JUDGE


cc:

Precious Murchison
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

Nikki U. Lotze, Esq.
Roberts & Wood
Berkshire Building
6801 Kenilworth Avenue
Riverdale, MD 20737