IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Criminal Division -- Felony Branch

| | |
|---|---|
| UNITED STATES : | |
| : | 06-298 (GK) |
| v. : | |
| : | |
| SAMUEL VINTON : | |

### DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE THAT A THIRD PARTY COMMITTED THE CHARGED CRIMES

Samuel Vinton, the defendant, through counsel, respectfully opposes the Government's motion *in limine* to exclude so-called "third party guilt" evidence.

Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Mr. Vinton of course does not intend to seek introduction of evidence which does not meet the standard enunciated by Rule 401.

Should the Court nonetheless wish to explore the possibility that Mr. Vinton might seek to introduce evidence tending to create doubt as to Mr. Vinton's own guilt, then counsel proposes to make an *ex parte* proffer of any such defense. The government does not have any recognizable interest in previewing any potential defense.

Moreover, the government's motion fails to take into account facts crucial to any future determination of the admissibility of evidence which might tend to create doubts as to Mr. Vinton's guilt.  As the Court has heard through testimony at pretrial motions hearing(s), the government's evidence will be that while the contraband that Mr. Vinton is charged with possessing was in a briefcase in the vehicle that Mr. Vinton drove alone at the time of the traffic

stop, Mr. Vinton expressly denied knowledge of the briefcase and its contents, and told police on the scene that other(s) had access to the car. The government will not introduce any evidence regarding how long Mr. Vinton had been in the car; when the briefcase came to be in the car; who was responsible for putting it there; nor how many different people may have been in the car at the time the briefcase came to be in the car -- or between the time that the briefcase came to be in the car and the time that Mr. Vinton was arrested in the car.

Should Mr. Vinton offer evidence on any of those points, such evidence would seemingly be admissible as relevant to the inquiry whether the government has proven beyond a reasonable doubt that it was Mr. Vinton and not someone else, who is responsible for putting the briefcase in the vehicle, and therefore, for possessing the contraband in it.

The cases cited by the government do not counsel otherwise. In *United States v. Morgan*, the court held it reversible error to exclude third party perpetrator evidence - to wit - that a third party sold drugs and had access to the drugs the defendant was charged with constructively possessing. 581 F.2d 933, 939, 189 U.S. App. D.C. 155, 160 (D.C. Cir. 1978). In so ruling, the court reasoned:

> when illicit drugs are found in an area accessible to two or more people, any one, or all of them might be criminally culpable. Whether the government charges all of them, or only one, the threshold question for the jury is the same: who had possession? To convict a particular defendant of possessing illegal drugs, the jury must conclude beyond a reasonable doubt that the defendant knew about their presence and intended to exercise dominion and control over them.

581 F.2d at 936, 189 U.S. App. D.C. at 158 .

Should Mr. Vinton offer evidence concerning how long Mr. Vinton had been in the car; when the briefcase came to be in the car; who was responsible for putting it there; or how many different people may have been in the car at the time the briefcase came to be in the car -- or

between the time that the briefcase came to be in the car and the time that Mr. Vinton was arrested in the car, such evidence would help to establish that other(s) had access to the contraband that Mr. Vinton is charged with constructively possessing, and therefore be admissible under *Morgan*.

In *United States v. Jordan,* a case in which one prison inmate was convicted of stabbing to death another inmate, the tenth circuit held that the trial court did not abuse its discretion in ruling inadmissible evidence that a third inmate committed the murder, where "no witness placed [the third inmate] near [the decedent] at the time of the stabbing, and two eyewitnesses testified that [the defendant] committed the crime." 485 F.3d 1214, 1220 (10th Cir. 2007).

In contrast, at Mr. Vinton's trial the government will present no eyewitness testimony concerning how long Mr. Vinton had been in the car; when the briefcase came to be in the car; who was responsible for putting it there; nor how many different people may have been in the car at the time the briefcase came to be in the car -- or between the time that the briefcase came to be in the car and the time that Mr. Vinton was arrested in the car.

Should Mr. Vinton offer testimony as to any of those points, such evidence would be relevant to the inquiry whether the government has proven beyond a reasonable doubt that it was Mr. Vinton and not someone else, who is responsible for putting the briefcase in the vehicle, and therefore, for possessing the contraband in it. In contrast to *Jordan,* any such evidence offered by Mr. Vinton would not be outweighed by government evidence to the contrary – since at Mr. Vinton's trial there will be no government evidence to the contrary.

In *United States v. Cabrerra,* 80 F.3d 558 (D.C. Cir. 1996), the court held it not an abuse of discretion to rule inadmissible evidence of the photos and drug conviction records of two men

that only the defendant identified as the man seated next to him on the Amtrak train where a jacket containing drugs was found.  The trial court found that no adequate linkage had been made between the court records and the photos.  Nonetheless, in so holding, the court commented that testimony that the jacket belonged to the defendant's seat mate, coupled with the seat mate's proximity to the jacket "might have gone a long way toward exonerating [the defendant] on the charge of possession with intent to distribute [the drugs found in the jacket]."

Should Mr. Vinton offer evidence concerning how long Mr. Vinton had been in the car; when the briefcase came to be in the car; who was responsible for putting it there; or how many different people may have been in the car at the time the briefcase came to be in the car -- or between the time that the briefcase came to be in the car and the time that Mr. Vinton was arrested in the car, such evidence, too, would seemingly "go a long way toward exonerating" Mr. Vinton on the charge of possession with intent to distribute the drugs found in the briefcase.

WHEREFORE, the Court should deny the government's motion *in limine* and rule that Mr. Vinton can, if he chooses, introduce evidence relevant to the inquiry whether the government has proven beyond a reasonable doubt that it was Mr. Vinton and not someone else, who is responsible for putting the briefcase in the vehicle, and therefore, for possessing the contraband in it.

Respectfully submitted,

_____
Nikki Lotze, #447-881
Roberts & Wood
Suite 202
6801 Kenilworth Avenue
Riverdale, MD 20737

4

(301) 699-0764

CERTIFICATE OF SERVICE

I hereby certify that on _____, 2007, a copy of the foregoing memorandum has been served by FACSIMILE and by mail on AUSA Precious Murchison, United States Attorney's Office, 555 Fourth Street, NW, Washington, D.C. 20530.

_____/s/_____
Nikki Lotze