IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | 06-298(GK) |
| | : | |
| SAMUEL VINTON | : | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Subject to modification as appropriate after presentation of all of the evidence, Samuel Vinton, through undersigned counsel, preliminarily respectfully requests that the jury be instructed as follows:

NOTE:    Counsel requests that 2.08 & 2.09 be given either at the beginning, or at the end, of all instructions.

2.08   Burden of proof – Presumption of innocence
2.09   Reasonable doubt
        NOTE:    The defense objects to any proposed deviation from the Red book instruction, and requests that the jury be given the standard Red book instruction.

1.10   Evaluation of Prior Inconsistent Statement of a Witness (if applicable)
2.01   Function of the Court
2.02   Function of the jury
2.03   Jury's recollection controls
2.06   Indictment not evidence
2.11   Credibility of witnesses
2.13   Number of witnesses
2.14   Nature of charges not to be considered
2.26   Police officer's testimony
2.27   Right of Defendant not to Testify (if applicable)
2.51   Other crimes evidence (if applicable)
3.01   Intent
3.03   Knowingly
3.08   Possession

**Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense**

The defendant is charged in Count Three of the indictment with Using, Carrying, and Possession a Firearm During a Drug Trafficking Offense. The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

    1.    That the defendant carried, used, or possessed a firearm; and

    2.    That he carried or used the firearm during and in relation to the drug trafficking offense charged in Count Two of the indictment or possessed the firearm in furtherance of a drug trafficking offense.

The term "firearm" includes any weapon which will or is designed to or can be readily converted to expel a projectile by the action of an explosive. The government need not prove that the firearm was loaded or operable. Unloaded and inoperable firearms can be a basis for a violation of this section if the other elements of the offense are met.

The phrase "in furtherance of" means the act of furthering, helping, forward, promotion, advancement, or progress. To show that a defendant possessed the firearm "in furtherance" of a drug trafficking offense, the Government must show that the firearm was possessed to advance or promote the commission of the underlying offense. The mere presence of a firearm in the area where a criminal act occurs does not demonstrate that the firearm is possessed "in furtherance" of a drug trafficking crime. Rather, the government must prove, through direct or circumstantial evidence, that the firearm was possessed to advance or promote the criminal activity.

The following factors have been found to be helpful in determining whether a particular defendant's possession furthers, advances, or helps forward drug trafficking offense. These include: (1) the type of drug activity conducted; (2) accessibility of the firearm; (3) the type of firearm; (4) whether the possession of the firearm is legal or illegal; (5) whether or not the firearm is stolen; (6) whether the firearm is loaded; (7) the proximity of the firearm to the drugs or drug profits; and (8) the time and circumstances under which the firearm is found.

A person carries a firearm and ammunition when they are on his person or if it was conveniently accessible to the defendant and within his reach. Mere presence near a firearm and ammunition or mere knowledge of its location are not enough to show that the defendant carried it. The defendant must have the power and intent to exercise direct control over the firearm.

Firearms actually need not be brandished in order to be used or carried in connection with a drug-trafficking offense. Although the mere presence of a gun near the commission of a felony may not be sufficient to show that the gun was carried in relation to that felony, when guns are present in order to protect contraband they may be deemed to be used in relation in the underlying felony. However, the government must prove beyond a reasonable doubt the gun in fact was present to protect contraband.

5.06    Identification

5.01    Defense Theory instruction

Counsel reserves the right to request other instructions as they may later become appropriate.

Respectfully submitted,

_____
Nikki Lotze
Counsel for Samuel Vinton
Roberts & Wood
6801 Kenilworth Avenue
Suite 202
Riverdale, MD 20737
(301) 699-0764

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Proposed Statement of the Case and Voir Dire has been served by facsimile on AUSA Precious Murchison this \_\_\_\_\_ day of August, 2007

_____
Nikki Lotze