UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-298 (GK) |
| | : | |
| v. | : | |
| | : | |
| SAMUEL VINTON, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' PROPOSED STATEMENT OF THE CASE, VOIR DIRE
QUESTIONS AND JURY INSTRUCTIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following Statement of the Case, Voir Dire Questions and Jury Instructions:

**I.    Statement of the Case**

This is a criminal case. The government has charged the defendant, Samuel Vinton, in a two-count Indictment with (1) Unlawful Possession with Intent to Distribute Ecstasy and (2) Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense. The government alleges that on or about September 9, 2006, at about 9:08 p.m., in the 3300 block of F Street, SE, in this District, the defendant possessed 243 ecstasy tablets, which he intended to distribute. The government further alleges that the defendant possessed a loaded, .45 caliber semi-automatic pistol, and that he possessed this pistol during and in relation to his possession with intent to distribute the ecstasy tablets. The defendant denies these charges.

**II.    Voir Dire.**

    **A. Questions.**

    1.    Based on this information, do you know anything about the facts and circumstances of this case?

    2.    Do you have any particular familiarity with the location of the alleged offense, the 3300 Block of F Street, S.E.?

    3.    The United States is represented in this case today by assistant United States Attorneys Precious Murchison and Angela Schmidt. The defendant is represented by Nikki Lotze. Do you know, or know of, any of the parties or legal representatives of the parties in this case?

    4.    During the presentation of evidence by the United States, you may hear testimony from or about the following persons [*list to be provided at trial*]. Do you know or know of any of these prospective witnesses?

    5.    The defendant is presumed innocent of the charges against him and has no obligation to call any witnesses. The defendant may or may not call some or all of the following witnesses. [*Introduction of potential defense witnesses, if any.*] Do you know or know of any of these prospective witnesses?

    6.    I am Judge Kessler, My courtroom clerk is Tonya Hightower, and my law clerk is _____. The court reporter is _____. Do you know me or any member of my staff?

    7.    Please take a moment to look around the room at your fellow panel members. Do you know any other members of the jury panel? Would that affect your ability to decide the case for yourself based on your individual judgment?

8. The defendant is charged with possession with intent to distribute ecstasy. Does any member of the panel disagree with the prosecution of narcotics offenses?

9. Does anyone believe that either too much or too little effort is spent on the prosecution of drug offenses or that the penalties assigned to those offenses are either too severe or too lenient?

10. Do you have an opinion or feeling about federal or local drug laws that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial?

11. The defendant is also charged with using, carrying and possessing a firearm during a drug trafficking offense. Do you have an opinion or feeling about federal or local gun laws that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial?

12. One of the fundamental principles of our legal system is that when a person is brought to court charged with a crime, that person is presumed innocent unless and until the government presents evidence that convinces you of guilt beyond a reasonable doubt. Would you have any difficulty applying this principle of law?

13. Because the defendant is presumed innocent, he need not testify, nor offer any evidence. Would you view his and his attorney's decision not to put on a defense as evidence of guilt?

14. If you are chosen as a juror, at the end of this case the Court will instruct you as follows: "If you find that the government has proven beyond a reasonable doubt every element of the offenses with which the defendant is charged, you must find him guilty. On the other hand, if

you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty." Would you, for any reason, not be able to follow this instruction?

15. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all following this principle?

16. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow my instructions regarding the law?

17. Do you believe that police officers are more or less credible than other witnesses simply because they are police officers?

18. Have you, any of your relatives, or any close friends ever worked in any capacity for any type of law enforcement agency, including: the United States Park Police, the Metropolitan Police Department, the Federal Bureau of Investigation, the Drug Enforcement Administration, and any other law enforcement agency?

    a. If the answer is yes, what was the nature of the employment?

    b. Would your experience, or that of your friends or relatives, make it difficult for you to sit as a juror in this case?

19. Do any of you now, or have you within the past ten years, belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, "Orange Hat" patrols, or any other crime prevention groups?

20. Have you, any of your relatives, or any close friends studied law or had any legal training?

    a. If the answer is yes, what was the nature of the studies or training?

    b. Would this study or training affect your ability to follow the Court's instructions as to the law that should be applied in this case?

21. Have you, any of your relatives, or any close friends ever worked in any capacity in the correctional system? This would include a prison, jail, department of corrections, probation office or parole agency.

    a. If the answer is yes, what was the nature of the employment?

    b. Would your experience or that of your friends or relatives make it difficult for you to sit as a juror in this case?

22. Have you, any of your relatives, or any close friends, had an experience with or ever worked, in any capacity, for (or have an application pending to work for) a local, state, or federal prosecutor's office, such as the D.C. Attorney General's Office, the United States Attorney's Office, or a state's attorney or commonwealth attorney?

    a. If the answer if yes, what was the nature of the employment?

    b. Would this employment make it difficult for you to sit as a juror in this case?

23. Have you, any of your relatives, or any close friends ever worked, in any capacity, with or for (or have an application pending to work for) a defense attorney or an investigator working for a defense attorney?

    a. If the answer if yes, what was the nature of the employment?

    b. Would this employment make it difficult for you to sit as a juror in this case?

24. Have you formed special opinions concerning defense attorneys, prosecutors, law enforcement officers, or accused persons that would affect you in deciding this case?

25. Have you, your relatives, or close friends ever worked for the court system as a clerk, probation officer, parole officers, or in any other capacity?

26. Have you ever served as a juror in the trial of a criminal case? Is there anything about your prior experience as a juror that would make it difficult for you to sit as a juror in this case?

27. Have you ever served as a grand juror? Is there anything about your prior experience as a grand juror that would make it difficult for you to sit as a juror in this case?

28. Have you heard or seen anything in your previous jury service that would make it difficult for you to sit in this case?

29. Have you, any of your relatives, or any close friends been a witness to, a victim of, or arrested for and/or charged with a crime within the last 10 years? (Answers to be taken at the bench.)

30. Do you have any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during the trial? (Answers to be taken at the bench.)

31. Do you have a hearing problem that would make it difficult for you to hear tape recordings, or an eyesight problem that would make it difficult for you to view projections of photographs, all of which may be presented as part of the evidence in this case?

32. Do you have an illness, or other medical condition that would make it difficult for you to sit as a juror? (Answers to be taken at the bench.)

33. Do you need to take any medication which might cause drowsiness or otherwise make it difficult for you to remain alert and attentive during these proceedings? (Answers to be taken at the bench.)

34. The trial is expected to last approximately three days, after which the jury will begin deliberations. Do you have an urgent or extremely important matter to attend to such that you would be faced with a hardship if selected for the jury in this case? (Answers to be taken at the bench.)

35. Do you know of any reason whatsoever, even if not covered by the Court's questions, why you could not or should not sit as a juror in this case or why you could not render a fair and impartial verdict based upon the evidence and the law as you shall hear it? (Answers to be taken at the bench.)

**B. Procedure.**

The government asks that the Court use the following procedure for voir dire: The Court would ask the foregoing questions and instruct the venire to record the number of any questions to which they have a response on an index card. When the questions are completed, the Court would call each potential juror to the bench. Those potential jurors who have recorded numbers on their cards would be asked follow-up questions regarding those questions, and those who have not recorded any numbers would be briefly interviewed by the Court to insure that they heard the questions and understood the process and have nothing to disclose. We note that Judges Urbina and Roberts use this method.

**II. Jury Instructions.**

    **A.    Preliminary Instructions.**

    Instructions Before and During Trial:

Case 1:06-cr-00298-GK    Document 50    Filed 08/13/2007    Page 8 of 14

1.01    Instruction to Defendant(s) on Bond at Beginning of Trial

1.02    Notetaking by Jurors

1.03    Preliminary Instruction Before Trial
- Read or summarize the indictment
- Read the Elements of the offense.  See page ___.

1.04A   Stipulations of Fact

1.05    Cautionary Instruction Prior to First Recess

1.07    Question Not Evidence

1.08    Expert Testimony

1.13    Impeachment by Proof of Conviction of a Crime – Defendant

1.14    Impeachment of Defendant -- Statements

1.20    Questions by Jurors

1.21    Preliminary Instruction to Jury Where Identity of Alternates Is Not Disclosed

1.22    A Juror's Recognition of a Witness or Other Party Connected to the Case

**B.    Final Instructions**

<u>General/Introductory</u>

2.01    Function of the Court

2.02    Function of the Jury

2.03    Jury's Recollection Controls

2.04    Evidence in the Case -- Judicial Notice and Stipulations

2.05    Statements of Counsel

2.06    Indictment Not Evidence

2.07    Inadmissible and Stricken Evidence (if necessary)

    2.08    Burden of Proof -- Presumption of Innocence

    2.09    Reasonable Doubt
(*The government requests that in place of Instruction 2.09 from the Red Book, the Court give the foregoing instruction, which is based on Instruction 21, Definition of Reasonable Doubt, from <u>Pattern Criminal Jury Instructions</u>, and was approved by this circuit in <u>United States v. Taylor</u>, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993).)

    2.10    Direct and Circumstantial Evidence

    2.11    Credibility of Witnesses

    2.13    Number of Witnesses

    2.14    Nature of Charges Not to Be Considered

<u>Evaluation of Testimony</u>

    2.26    Police Officer's Testimony

    2.27    Right of Defendant not to Testify

    2.28    Defendant as Witness (if necessary)

    2.30    Transcripts of Tape Recordings

    2.52    Multiple Counts - One Defendant

<u>Closing Remarks</u>

    2.71    Selection of Foreperson

    2.72    Unanimity

    2.73    Exhibits During Deliberations

    2.74    Possible Punishment Not Relevant

    2.75    Communications Between Court and Jury During Jury's Deliberations

    2.76    Furnishing the Jury with a Copy of the Instructions

2.77    Use of Verdict Forms -- Note

<u>Definitions and Proof</u>

3.02    Proof of State of Mind

3.08    Possession

<u>Elements of the Offense</u>

**4.29    Possession of a Controlled Substance with Intent to Distribute**

The essential elements of the offense of possession with the intent to distribute ecstasy are:

1.    That the defendant possessed a controlled substance.

2.    That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3.    That when the defendant possessed the ecstasy, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person.

4.    The law makes ecstasy a controlled substances. You must decide whether the materials in question were ecstasy. In doing that, you may consider all evidence that may help you, including exhibits, and expert and non-expert testimony. The government need not prove that the defendant possessed any particular numerical amount of a controlled substance, but it must prove beyond a reasonable doubt that he possessed a detectable or measurable amount of a controlled substance. A measurable amount is an amount that can be assigned a numerical value, although no particular value must be proven.

**3.08    Possession**

There are two kinds of possession: actual and constructive. A person has actual possession of something if he has direct physical control over it. He has constructive possession of something

when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the narcotics alone or with someone else.

### Carrying a Firearm During and In Relation to a Drug Trafficking Offense

The essential elements of the offense of using, carrying, or possessing a firearm during and in relation to a drug trafficking offense, or in furtherance of such crime, each one of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant carried or possessed a firearm; and
2. That he carried the firearm during and in relation to the drug trafficking offense charged in Count One of the indictment or possessed the firearm in furtherance of the drug trafficking offense charged in Count One.

### Definition of "Firearm"

The term "firearm" includes any weapon which will or is designed to or can readily be converted to expel a projectile by the action an explosive. [**Authority**: 18 U.S.C. § 921 (a)(3)]. The government need not prove that the firearm was loaded or operable.

### Definition of "carry"

To "carry" a firearm means to move or transport the firearm on one's person or in a vehicle or container which the person accompanies. The firearm need not be immediately accessible. A person carries a firearm in a vehicle when the person knowingly possesses the firearm in any location

in a vehicle which the person accompanies, regardless of whether the person bears the firearm on the person. [**Authority**: Muscarello v. United States, 524 U.S. 125 (1998); United States v. Joseph, 169 F.3d 9, 13 (D.C.), cert. denied, 528 U.S. 914 (1999); United States v. Toms, 136 F.3d 176, 181 (D.C. Cir. 1998)].

### Definition of "in relation to"

The phrase "in relation to" means that there must be some relation between the firearm and the underlying offense. The firearm must have some purpose or effect with respect to the drug trafficking crime, such as when the gun is carried to protect drugs. In short, a firearm is carried "in relation to" a drug trafficking crime if the gun facilitates that drug crime in some way or has the potential of facilitating the drug crime. You may infer that the carrying of the firearm is intended to facilitate the underlying drug trafficking crime, but you are not required to do so. [**Authority**: Smith v. United States, 508 U.S. 223, 238 (1993); and United States v. Evans, 888 F.2d 891, 895 (D.C. Cir. 1989), cert. denied, 494 U.S. 1019 (1990)].

### Definition of "in furtherance of"

The phrase "in furtherance of" means the act of furthering, helping forward, promoting, advancing, or progressing. To show that the defendant possessed the firearm "in furtherance" of a drug trafficking offense, the Government must show that a firearm was possessed to advance or promote the commission of the underlying offense in Count One of the indictment. The mere presence of a firearm in an area where a criminal act occurs does not demonstrate that the firearm is possessed "in furtherance" of a drug trafficking crime. Rather, the Government must prove, through direct or circumstantial evidence, that the firearm was possessed to advance or promote the

criminal activity. [**Authority**: H.R. 105-344, 105th Cong., 1st Sess. § 1 (1997), 1997 WL 668339 *9 (leg. Hist.)].

In determining whether a particular defendant's possession of a firearm is "in furtherance of" a drug trafficking offense, you may consider all of the facts received in evidence, including: (1) the type of drug activity conducted; (2) accessibility of the firearm; (3) the type of firearm; (4) whether the possession of the firearm is legal or illegal; (5) whether the firearm is loaded; (6) the proximity of the firearm to the drugs or drug profits; and (7) the time and circumstances under which the firearm is found.

**2.09    Government's Proposed Special Instruction on Reasonable Doubt**

The government requests that in place of Instruction 2.09 from *criminal Jury Instructions for the District of Columbia*, this Court give Instruction 21, Definition of Reasonable Doubt, from *Pattern Criminal Jury Instructions*, which was approved by this circuit in *United States v. Taylor*, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993). The instruction is as follows:

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty

of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty. (The government notes that this instruction has been used recently by Judges Roberts and Robertson.)

      WHEREFORE, the government submits the foregoing proposed Statement of the Case, Voir Dire Questions and Jury Instructions.

                                  Respectfully submitted,

                                  JEFFREY A. TAYLOR
                                United States Attorney
                                D.C. Bar No. 498610

                                _____
                                PRECIOUS MURCHISON
                                Assistant United States Attorney
                                Maryland Bar
                                555 Fourth Street, N.W.
                                Washington, D.C. 20530
                                (202) 307-6080
                                Precious.Murchison@usdoj.gov