UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Criminal No. 06-298 (GK) |
| **v.** : | |
| : | |
| **SAMUEL H. VINTON, JR.** : | |
| : | |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
DEFENDANT VINTON FROM ELICITING INADMISSIBLE
CHARACTER EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine to preclude Defendant Vinton from eliciting propensity evidence. The United States relies on the following points and authorities and any others that may be cited at a hearing on his motion:

1.  Pursuant to this Court's Order Setting Forth Trial Procedures in Criminal Cases dated February 14, 2007, this Court noted that [motions in [l]imine are encouraged with respect to legal matters than can reasonably be expected to arise during trial," and the Court directed that any such motions in limine "should be filed as soon as they come to the attention of counsel for any party." See p. 4 of Court's Order dated February 14, 2007. Consistent with the Court's Order, undersigned counsel is filing the instant motion.

2.  On September 20, 2007, defense counsel for Defendant Vinton indicated that the Defendant may call five witnesses to testify in his defense. On the evening of September 21, 2007, defense counsel left a voice mail message advising undersigned counsel again that she intends to call five witnesses during the defense case. On September 9, 2006, when the Defendant was stopped and ultimately arrested, the Defendant was alone.

Undersigned counsel expects that the Defendant may attempt to elicit inadmissible character evidence from one or more of his witnesses.[1]  Specifically, the Defendant may attempt to elicit evidence of the Defendant's positive character traits - such as evidence that he is a nice, responsible, good person who participates in his grandfather's church choir.  Like many positive character traits, these character traits are simply irrelevant to whether the Defendant has engaged in narcotics trafficking and the related gun offense.  See, e. g., State v. Rabe, 687 P.2d 554, 562 (Haw. Ct. App. 1984) (traits of "reliability, dependability, diligence, amiability, reasonableness, decency, honesty, truthfulness, and abstinence from alcohol are not pertinent to the crime of conspiracy" to distribute marijuana in a prison).  A nice, responsible, good person who participates in his grandfather's church choir can also be a drug dealer.  Such evidence is prohibited propensity evidence that has nothing to do with the drug and gun crimes charged in this case.

3.     Propensity evidence is precluded pursuant to Fed. R. Evid. 404(a) ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . .").  "'Character evidence is of slight probative value and may be very prejudicial.  It tends to distract the trier of fact from the main question of what actually happened on the particular occasion.  It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.'" Fed. R. Evid. 404(a), advisory committee notes.

4.     There are only two methods of proving character - through either reputation or opinion testimony.  See Fed. R. Evid. 405 (a).  Assuming the Defendant is able to lay the proper

---

[1]    On cross defense counsel has already elicited from a government witness, Officer Alton, hearsay and irrelevant evidence that the Defendant lives with his mother and grandparents above a church.

2

foundation to elicit reputation or opinion testimony, he is still limited to that evidence which is relevant. See Fed. R. Evid. 404(a)(1); see also United States v. Angelini, 678 F.2d 380, 381 (1st Cir. 1982). Thus, the character trait in question must make some fact at issue in the case more or less probable. Id. Here, the only potentially relevant character traits of the Defendant are his character for truth and veracity, should he testify, and his character for law abidingness. Should the defense elicit evidence of the Defendant's character traits for being an honest and law-abiding person, the government may offer evidence to rebut these claims, including evidence of the Defendant's prior theft, drug and gun arrests, and his 2000 conviction for carrying a concealed deadly weapon. See Fed. R. Evid. 404 (a)(1). "A character witness . . . becomes subject to cross-examination as to his testimonial qualifications just like any other witness," and the scope of cross-examination of a character witness extends to matters "which legitimately affect the witness' knowledge of the accused's community reputation for the character trait or traits which he confirms." United States v. Lewis, 482 F.2d 632, 638 (D.C. Cir. 1973). Thus, a character witness may be asked "whether he has heard reports of particular events, including prior convictions or arrests of the accused, which are inconsistent with the reputation to which he had testified." Id.; see also United States v. Mitchell, 397 F.Supp. 184, 186 (D.C. Cir. 1974).

WHEREFORE, the government respectfully requests that the Court preclude Defendant Vinton from eliciting inadmissible propensity evidence.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____/s/_____
PRECIOUS MURCHISON
Assistant United States Attorney
Maryland Bar
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-6080

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 06-298 (GK)** |
| v. | : | |
| | : | |
| **SAMUEL H. VINTON, JR.** | : | |
| | : | |

**O R D E R**

The Court having reviewed the Government's Motion to Preclude Defendant Vinton from Eliciting Inadmissible Character Evidence, the opposition thereto, and good cause appearing therefor,

it is this ___ day of August 2007,

**ORDERED,** that the Government's Motion is **GRANTED**; and it is further

**ORDERED,** defendant Vinton is precluded from eliciting propensity evidence.

_____
GLADYS KESSLER
UNITED STATES DISTRICT COURT