UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 06-298 (GK) |
| v. : | |
| : | |
| SAMUEL H. VINTON, : | |
| : | |
| Defendant. : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth below, the United States recommends the Court impose a sentence of in the middle to the high end of defendant's Guideline range, that is, 90 to 93 months incarceration.

I.   **BACKGROUND**

On October 5, 2006, defendant was indicted on one count of Unlawful Possession with Intent to Distribute MDMA (Ecstasy), in violation of Title 21 United States Code, Sections 841 (a)(1) and (b)(1)(c) (Count One), and one count of Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18 United States Code, Section 924 (c)(1)(A)(i).

On August 23 2006, after a jury trial defendant was found guilty on both counts. The offense conduct in the case is set forth in the Presentence Investigation Report (PSR), see PSR ¶¶ 5-8, and evidence of same was heard by the Court.

II.   **SENTENCING CALCULATION**

   A.   Statutory Minimums and Maximums

Pursuant to 21 United States Code Sections 841(a)(1) and (b)(1)(c), the crime of

Possession with Intent to Distribute MDMA (Count 1) carries a penalty of a term of imprisonment of up to 20 years imprisonment, a fine of not more than $1 million, and a term of supervised release of at least three (3) years.  Pursuant to 18 United States Code Sections 924 (c)(1)(A)(i), the crime of Carrying and Possessing a Firearm During a Drug Trafficking Offense (Count 2) carries a penalty of a term of imprisonment of five (5) years to life imprisonment, which period of incarceration must be consecutive to any other term of imprisonment imposed, a fine of not more than $250,000, and a term of supervised release of up to five (5) years.

      B.      <u>Sentencing Guidelines Calculation</u>

The Guidelines calculation utilized in the Presentence Investigation Report ("PSR") calculates the defendant's total offense level for Count One at 18.  <u>See</u> PSR ¶ 22.  The PSR calculates the defendant's criminal history as Category I.  <u>See</u> PSR ¶ 27.  Therefore, the PSR calculates the Guideline range for the defendant for Count One at 27 to 33 months.  <u>See</u> PSR ¶ 63.

The Guideline sentence for Count Two is the mandatory minimum term of imprisonment of sixty months, which term is to run concurrent to the period of imprisonment imposed pursuant to Count One.  <u>See</u> PSR ¶ 24.  Thus, the defendant's Guideline sentence for the two counts is 87 to 93 months.

### III.    <u>GOVERNMENT'S RECOMMENDATIONS</u>

      A.      <u>Application of the Federal Guidelines post-Booker</u>

The Court should impose a sentence at the middle to high end of the Guidelines range. "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." <u>United States v. Booker</u>, 125 S. Ct. 738, 767 (2005)

(citing 18 U.S.C. Sections 3553(a)(4)&(5) (Supp. 2004)).  The Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of two decades of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress.  A sentence within the Guideline range is reasonable in this case because it would help further the goals articulated in 18 U.S.C. Section 3553(a) such as "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (D) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

  B. <u>Basis for Government's Sentencing Recommendation</u>

  Pursuant to 18 United States Code, Section 3553(a), the Court should impose a sentence at the middle to high end of the defendant's Guideline range, that is 90 to 93 months.  This middle to high-end Guidelines sentence is appropriate for a number of reasons.  Defendant's offense conduct in this case was extremely dangerous for reasons not captured by the Guideline calculations.  When stopped in his car, defendant was in possession of three knives (a ten-inch knife with a sheath on the back seat, a butterfly knife under the passenger side floor board, and a fighting knife inside the briefcase found on the backseat), two cans of Mace, brass knuckles, and 25 rounds of .45 caliber ammunition, in addition to the loaded gun for which defendant was convicted.  Moreover, defendant's statement to police at the stop (when asked about weapons, he said "No, I keep all that stuff at home"), suggests he possesses even more weapons at his home!  The possession of these very dangerous weapons out on the street, in conjunction with his

possession with intent to distribute 243 pills of ecstacy, make defendant's conduct particularly dangerous to the community and merit a sentence at the higher end of his Guideline range. His behavior is all the more troubling in light of his two prior convictions involving weapons. Defendant should be incarcerated to deter additional dangerous conduct and to protect the public from similar conduct by defendant in the future.

Moreover, defendant's individual characteristics reveal him to be a person of good family, solid opportunity, and excellent training who has refused to turn from his violent life of weapons and drugs. He comes, according to the PSR, from a strong family, where his family attended church and his father was involved in his life. He has a demonstrated ability to earn money legally, even though he overstates to the report writier how much he makes. He is not hampered by a drug habit that compels him to commit crimes. Instead, he chooses – more freely than many defendants who come before this Court – to sell drugs and carry weapons. His repeated arrests and two convictions have not deterred his conduct to date.

Finally, defendant has accepted no responsibility for his conduct.

This Court has little choice but to incarcerate defendant at the middle to higher end of his Guidelines range, that is 90-93 months. In this case a Guidelines sentence is also necessary because there are no factors that warrant the defendant being treated differently from other similarly situated defendants.

IV.     **CONCLUSION**

      Wherefore, the government respectfully requests that the Court sentence the defendant at the middle to high end of the Guidelines to a period of 90 to 93 months of incarceration.

                                      Respectfully submitted,

                                      JEFFREY A. TAYLOR
                                      UNITED STATES ATTORNEY
                                      D.C. BAR NO. 489-610

              BY:      ____*/s/ David P. Saybolt*____
                                      DAVID P. SAYBOLT
                                      Assistant United States Attorney
                                      Virginia Bar # 44518
                                      U.S. Attorney's Office
                                      555 Fourth Street NW, Room 4840
                                      Washington, DC 20530
                                      (202) 307-6080
                                      David.Saybolt@usdoj.gov